## NASH v. STATE.

### Opinion delivered September 27, 1915.

EVIDENCE—COMMISSION OF CRIME—OTHER CRIMES.—When defendant was indicted for robbery, proof of the commission of similar crimes in the same vicinity and near the same time is admissible to prove defendant's presence when the crime charged was committed and his participation therein, and to refute his defense of an alibi.

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea,* Judge; affirmed.

No brief was filed for appellant.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. It is not erroneous to refuse to exclude all of the testimony of a witness, where part of it is admissible. 86 Ark. 23; 92 Ark. 421.

2. While evidence of one crime can not be introduced as a circumstance from which to infer guilt of the crime for which a defendant is being tried, yet if such evidence also tends to prove guilt of the crime charged in the indictment, it may be admitted. 117 Ark. 296.

SMITH, J. Appellant was indicted for the crime of robbery alleged to have been committed by taking $20 from the person of one J. F. Williams. Upon his trial appellant was convicted and sentenced to a term of seven years in the State penitentiary.

Williams testified that the robbery was committed near the corner of Seventh and Arch Streets, in the City of Little Rock, on the night of March 3. That he was held up by three men, who took two ten dollar bills and some small change from his pocket and a bar check issued by one of the saloons in the City of Little Rock. After Williams had been robbed one of the robbers said to him, "Beat it, don't stop, turn around or look back," and Williams walked about twenty steps to an electric light post, and stopped behind it. He stood there and watched the robbers walk down Seventh Street, and while standing there he saw three officers and told them that

he had been robbed, and the officers replied that another man had been robbed only a minute before, and as Williams and the officers started down Seventh street they saw robbers holding up still another man. Upon the approach of the officers all of the robbers fled except one named Hilliard, who was commanded by the officers to throw up his hands, and was shot and killed by the officers when he refused to do so. Williams recognized Hilliard as one of the men who had robbed him, and after appellant's arrest he also recognized him as one of the men who had held him up. The money taken from Williams was found in Hilliard's possession, together with the bar check.

A witness named Schuh testified that he was one of the men who had been held up and that he was robbed at a point only fifty or sixty yards east of the place where Williams had been held up, but on the opposite side of the street. This witness saw Hilliard after his death and recognized him as one of the men who had robbed him, and he also identified Nash as one of the robbers who held him up. He saw three men holding up Williams, but he did not say that he recognized appellant as one of them, although he did testify that he saw appellant in that vicinity that night.

A police officer named Whitlock testified that he was one of the officers who attempted to arrest the robbers, and while he was unable to identify appellant as one of the robbers who fled upon the approach of the officers, he did testify that appellant had the general size and resembled the man who was with Hilliard. There was other evidence tending to show that appellant and Hilliard were intimate associates, and had been seen together on the night of the robberies.

Appellant saved numerous exceptions to the action of the court in admitting evidence tending to show that appellant had participated in the robberies other than the one charged in the indictment, and the admissibility of this evidence is the only question raised upon this appeal.

Appellant saved numerous exceptions to the action witnesses gave testimony, the effect of which was to show that appellant could not have been at the place of the robbery at the time of its commission.

In admitting proof of the other robberies the court stated to the jury that such proof could be considered only as bearing upon the question of defendant's presence at the time Williams was robbed, and of appellant's participation in that crime.

The three robberies committed on the night of March 3, were committed within a few hundred yards of each other, and the last occurred not more than an hour after the commission of the first, and all were committed by three men, one of whom was Hilliard, whose participation in each instance is reasonably certain. Schuh identified Hilliard as one of the men who had robbed him, but could not positively identify appellant as another. Neither could the officers who killed Hilliard, while the third man was being robbed, positively identify appellant as one of the three robbers participating in that crime, although they did testify that his general appearance resembled one of the robbers who fled on their approach.

We think this evidence was clearly competent for the purpose for which the court admitted it. While this evidence does show the commission of another crime than the one charged in the indictment, it also tends to show that appellant participated in the commission of the crime charged in the indictment, and refutes appellant's proof of an alibi.

The rule is well established that guilt of one crime can not be proved as a circumstance from which to infer guilt of another, where such proof is not offered to show motive, intent or design; but proof is not to be excluded because it proves the commission of a different crime if it also tends, in a material way, to prove the guilt of the crime charged. *Davis and Thomas* v. *State,* 174 S. W. 568, 117 Ark. 296.

The judgment of the court below is, therefore affirmed.