## KETCHUM *v.* STATE.

### Opinion delivered October 9, 1916.

1. LIQUOR—ILLEGAL SALE—SUFFICIENT PROOF.—The evidence held sufficient to warrant a conviction for the illegal sale of whiskey in violation of Act 30, Acts 1915.

2. LIQUOR—ILLEGAL SALE—SALES AFTER FINDING THE INDICTMENT.— In a prosecution for the illegal sale of liquor under Act 30, Acts of 1915, testimony showing sales of whiskey made at defendant's place of business subsequent to the date of the finding of the indictment held admissible, where the trial court charged the jury that a conviction could not be had for sales made after the finding of the indictment, and where such testimony as admitted might aid in showing that the transaction relied upon by the State was a sale, by proving the character of business conducted at the place where the sale was made.

Appeal from Garland Circuit Court; *Scott Wood*, Judge; affirmed.

The appellant *pro se.*

Contends that the legal evidence was not sufficient to convict the defendant, and that improper and prejudicial evidence was admitted.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

HART, J. Doc Ketchum was indicted, tried and convicted of selling intoxicating liquors contrary to the provisions of Act number 30 of the Acts of 1915. (Acts of 1915, p. 98).

J. F. Harmon testified that Doc Ketchum operated a place of business in Hot Springs, Garland County, Arkansas, after the 1st of January, 1916. That he had been into Ketchum's place of business several times since the 1st of January and prior to the 28th day of April, 1916, and had bought tobacco from him a few times and had bought whiskey from him three or four times.

Jesse Boyd first testified that he thought he had bought whiskey from the defendant at his place of business in the City of Hot Springs since the 1st day of January, 1916, and prior to the 28th day of April, 1916. Subsequently he stated that he had bought whiskey from the defendant during that time.

A. D. Littler testified that the defendant had operated a grocery store in the city of Hot Springs since the 1st day of January, 1916, and that he had bought whiskey from him at his place of business during the month of May of that year. Evidence was adduced by the defendant tending to show that he had not been engaged in the illegal sale of whiskey since the 1st day of January, 1916, and that he only operated a family grocery store. It is insisted by counsel for the defendant that the evidence is not sufficient to warrant the verdict.

(1)   The witnesses for the State testified that they had bought whiskey from the defendant since the prohibition law went into effect on January 1st, 1916, and prior to the return of the indictment in this case. This testimony warranted the jury in bringing in a verdict of guilty.

The indictment was returned in this case on the 28th day of April, 1916. The witness, Littler, testified that he had not purchased whiskey from the defendant prior to the return of the indictment, but that he had purchased it from him several times during the month of May, 1916. It is insisted by counsel for the defendant that the court erred in permitting this testimony to go before the jury

and that for this error the judgment should be reversed. In regard to the admission of this testimony the court said to the jury: "The defendant cannot be convicted in this trial for any sales made after the 28th day of April, this year, and before the jury could convict they would have to find that he made some sale prior to that time. But it occurred to me that testimony of this kind might be introduced as a circumstance in the case, where there is other evidence to go with it tending to show sales prior to the time of the filing of the indictment, that is where the evidence would tend to show that a business was carried on at one place as a regular business, and I will let the testimony go in for that purpose."

(2)    As a part of his defense the defendant introduced evidence tending to show that he ran a family grocery store and that there was no appearance or indication of intoxicating liquors being sold there. It will be noted that the court admitted the evidence objected to, to show knowledge by defendant that liquor was sold on the premises and to illustrate the character of the business conducted by the defendant. The court specifically told the jury that they could not convict upon the testimony of sales made after the finding of the indictment, but that proof of such sales might aid in showing that the transaction relied on by the State was a sale by proving the business conducted at the place where the sale was made; and under the circumstances in this particular case, we hold that the evidence was admissible for the purpose stated by the court. See *Commonwealth* v. *Sinclair*, 138 Mass. 493; *Pearce* v. *State*, 40 Ala. 720; Woollen & Thornton on Intoxicating Liquors, Vol. 2, par. 931.

The judgment will be affirmed.