## HIGHTOWER *v.* SHOLES.

### Opinion delivered March 12, 1917.

EVIDENCE—CROSS-EXAMINATION—MAY COVER WHAT MATTERS.—The right to cross-examine a witness is confined to those facts and circumstances only connected with the matters actually stated in the direct examination of a witness, and if the cross-examining party wishes to examine the witness as to other matters, he must do so by making the witness his own, and call him as such in the subsequent progress of the case. The trial court, however, has a discretion in following this rule, and a cause will not be reversed where the rule has not been followed, unless an abuse of discretion is shown.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; reversed.

*Ellis & Jones,* for appellant.

1. It was error to permit plaintiff and Tom Skidmore to testify as to statements made to them by Denny Reed. This was hearsay merely, and inadmissible. 75 Ark. 463; 78 *Id.* 220; 86 *Id.* 448; 96 *Id.* 387; 99 *Id.* 488; 107 *Id.* 280; 109 *Id.* 130; Hughes on Ev., pp. 51 to 56, 57.

2. It was error to require defendant to answer questions asked her in cross-examination over her objection. The matters were not covered by the direct examination. Hughes on Ev. 352; 40 Cyc. 2501; 14 Pet. 461; 100 U. S. 625; 174 *Id.* 727; 90 Ark. 398, 405; 14 *Id.* 558, 563.

3. The letter read to the jury was improperly admitted. 4 Enc. Ev. 808; 14 *Id.* 744; 105 Ark. 130.

*Lehman Kay,* for appellee.

1. The cases cited are not applicable. Statements of relevant facts made by persons identified in legal interest with a party to the record by reason of privity are competent evidence. 16 Cyc. 985, 996; 46 Ark. 378; 35 *Id.* 248; 79 *Id.* 414; 78 *Id.* 212; 43 *Id.* 307. Declarations of a deceased owner of personal property, etc., are admissible. 86 Ark. 488; 86 *Id.* 145; 16 Cyc. 985, 996.

2. But, if incompetent, appellant can not complain, for the error was invited. 86 Ark. 48; *Ib.* 145; 75 *Id.* 267; 66 *Id.* 588; 69 *Id.* 140; 88 *Id.* 138; 86 *Id.* 315. Appellant let "down the bars."

3. If inadmissible, it was not prejudicial, as the facts were proved by Mrs. Sholes. 75 Ark. 251; 103 *Id.* 87; 99 *Id.* 597.

4. They were admissible to contradict what she said. Kirby's Digest, § 3138.

5. The letter was competent. 85 Ark. 430.

6. The evidence sustains the verdict.

SMITH, J. This is a suit between two sisters over the distribution of the estate of Denny Reed, their father, and involves also a controversy over a balance of unpaid purchase money alleged to be due appellee, who was the plaintiff below, by appellant.

The only question we need now consider is the competency of the evidence by which appellee sought to show the amount of property owned by her father at the time of his death.

The estate which formed the subject-matter of this litigation was not a valuable one. Appellee alleged that her father owned, at the time of his death, $360 in money, and various notes, payable to his order, a list of which is set out in the complaint, and it was charged that appellant had appropriated this money, as well as the proceeds of several of the notes which she had collected, and that the uncollected notes were in appellant's possession and claimed by her individually.

The sheriff of the county was appointed administrator of Reed's estate, and, in a conversation with appellant about the assets of the intestate, was told that he had hardly left enough money to pay the funeral expenses. Appellant became a witness in her own behalf, and, upon her cross-examination, was compelled to make certain damaging admissions in regard to statements contained in a letter written by her to the administrator in regard to the amount of money in her father's possession at the time of his death, and her ownership of certain of the notes. She was not interrogated about any of these matters in her direct examination; and it is insisted that error was committed in permitting a cross-examination thereon, it being urged that, for this purpose, the witness

should have been called by appellee and made her own witness. A witness named Skidmore was permitted, over appellant's objection, to testify that Reed told him, two years before his death, that he was worth between seven and eight hundred dollars, but that no one was present at the time but Reed and himself.

Appellee was asked, while upon the witness stand, how she knew how much property her father owned at the time of his death, and answered, ''My father told me,'' and she was then asked, ''How much did he say he had?'' But an objection was sustained to this question, and no answer was given. Upon her cross-examination, she was asked, ''How do you get your information as to how much money and notes your father owned, that you allege in your complaint he owned, at the time of his death,'' and answered, ''My father told me.'' Whereupon, the court held that, since the witness had stated, in response to the question by appellant, the source of her information, she might also answer the question asked by appellee to which the objection had been sustained, and she then stated that her father told her he owned the money and notes set out in the complaint, and that the conversation occurred some time before his death.

It is argued by appellee that this question by appellant ''threw down the bars,'' and rendered competent the testimony in regard to Reed's declarations concerning the amount of property owned by him. We can not agree, however, that such was its effect. Appellant had the right to ask the source of the information upon which appellee based a statement of fact. It is true the witness had already answered the question, but no objection was made to it when asked by appellant on account of the fact that it was being asked the second time. The answer to the question disclosed that the facts recited in the complaint were hearsay, and the development of this fact did not justify proof of the details of this hearsay evidence. But such evidence was admitted when the court permitted appellee to testify what her father had said, and in per-

mitting Skidmore to testify concerning the statements alleged to have been made to him.

We think no error was committed in permitting appellee to cross-examine appellant upon questions which had formed no part of the subject-matter of the direct examination. In 40 Cyc. p. 2500, it is said: "In England, and in some of the United States, the cross-examination of a witness may extend to every issue in the case, regardless of the scope of the direct examination. But the more general rule is that the cross-examination should be confined to matters which have been brought out on the direct examination, and if the cross-examining party wishes to obtain the testimony of the witness as to other matters, he must do so by calling the witness to the stand as his own, and subjecting him to direct examination in regard thereto."

Cases from many states are cited which explain the practice in those states.

In the case of *St. Louis, Iron Mountain & So. R. Co. v. Raines,* 90 Ark. 398, this court considered the question of the proper practice where a party attempts to cross-examine a witness offered by his adversary upon matters not connected with the direct examination. The court there announced the different rules upon the subject, and stated that the rule which had been followed by the majority of the courts of America accorded with that announced in the case of *Austin v. State,* 14 Ark. 558, where it was said:

"Upon an examination of the authorities, we think that the decided preponderance in the American courts is in favor of confining the right of cross-examination to those facts and circumstances only connected with the matters actually stated in the direct examination of a witness; and that, if the cross-examining party wishes to examine the witness as to other matters, he must do so by making the witness his own, and calling him as such in the subsequent progress of the case."

It was recognized, however, in the case of *Railway v. Raines, supra,* that the trial court had a discretion in

following this rule, and that a cause would not be reversed where the rule approved had not been followed, unless an abuse of discretion was shown. No abuse of discretion is shown here. The witness was the appellant herself, and she was being interrogated about her own statements, which could not have formed the subject-matter of the direct examination.

Objection was also made to the action of the court in admitting in evidence a letter written by appellant to the administrator concerning the property which had come into her hands. This evidence was admissible against her, not only to contradict her, but as substantive matter showing the quantity and value of the property which she had received.

Other questions are raised in the briefs, but we do not regard them as of sufficient importance to require discussion.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.