McMillar *v.* State.

Opinion delivered January 14, 1924.

CRIMINAL LAW—EVIDENCE.—In a prosecution for selling intoxicating liquor, testimony as to previous raids upon defendant's home and the finding of intoxicating liquor in her possession was a competent circumstance tending to show that she was engaged in the illegal sale of whiskey, though it was insufficient within itself to establish the sale.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; affirmed.

*Randolph & Cobb,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted of selling whiskey, in the Garland County Circuit Court, and, as punishment therefor, was adjudged to serve a term of one year in the State Penitentiary. She has prosecuted an appeal to this court.

The only assignment of error insisted upon for a reversal of the judgment is the admission by the trial court, over the objection and exception of appellant, of testimony of the sheriff and city detective, to the effect that they raided the home of appellant several times sub-

sequent to the alleged sale and found liquors in her possession. The testimony introduced by the State showed that appellant sold whiskey in the fall of 1922 and winter of 1923 at her home. The raids were made in the spring, summer, and fall of 1923. The trial court admitted the testimony relative to the discovery of intoxicating liquors in the possession of appellant as a circumstance tending to show that she was engaged in the illegal sale of whiskey. While the testimony was not sufficient, within itself, to establish the sale, it was a competent circumstance tending to prove said charge. *Ketchum* v. *State,* 125 Ark. 275; *Larkin* v. *State,* 131 Ark. 445; *Marsh* v. *State,* 146 Ark. 77; *Casteel* v. *State,* 151 Ark. 70.

No error appearing, the judgment is affirmed.