Melton v. State.

Opinion delivered September 29, 1924.

1. Criminal law—weight of testimony.—The credibility of witnesses and the weight to be given their testimony are entirely within the province of the jury.

2. Intoxicating liquor—evidence of sale by defendant's wife and son.—In a prosecution for selling whiskey, where a witness testified that she saw defendant sell whiskey at his home, testimony of the witness that she saw defendant's wife and son at the same place, and near the same time, sell whiskey, was competent as tending to show that defendant was engaged in the business of selling liquor at his home, and an instruction that the testimony was admitted for that purpose only was proper.

3. Criminal law—instruction as to effect of testimony.—In a prosecution for selling liquor, an instruction not to consider testimony as to sales by defendant's wife and son at his home, unless made with his knowledge and consent, and then only in so far as it shed light on the business he was engaged in, held correct and not prejudicial to defendant.

4. Intoxicating liquors—unlawful sale—evidence.—Evidence, in a prosecution for selling whiskey, that officers searching defendant's wagon after the indictment was found discovered a gallon of whiskey therein was competent to shed light on the business defendant was engaged in.

Appeal from Greene Circuit Court, Second Division; G. E. Keck, Judge; affirmed.

Jeff Bratton, for appellant.

J. S. Utley, Attorney General, and John L. Carter, Assistant, for appellee.

Wood, J. This is an appeal from a judgment sentencing the appellant to imprisonment in the State Penitentiary for a period of one year for the crime of selling liquor. Mrs. Ollie Waters, a witness for the State, testified that, in the spring of 1922, she saw the appellant sell liquor to one Dink McCullough. The sale was in the presence of appellant's wife and daughter. She stated that it was white mule whiskey. The sale took place at appellant's meat-house, and appellant got the whiskey out of a jar which he kept in the meat-house. Witness saw McCullough pay the appellant for the whiskey. She thought it was whiskey because she smelled it.

Over the objection of the appellant, Mrs. Waters testified that, close to the same time and at the same place, she saw Mrs. Melton, appellant's wife, sell some liquor to one Dalton Hardy. On cross-examination the witness stated that the meat-house was the place where Dink McCullough delivered the bills to appellant and received whatever he did receive from the appellant. Whether it was whiskey or not witness did not know. She had smelled it there before when she was at appellant's house.

Over the objection of appellant, deputy sheriffs testified that they got a search warrant to search appellant's wagon, and made a search of the same, in the summer of 1923, and found a gallon of whiskey in a glass jug. Appellant was on his way from home to town. Witness Joe Waters testified for the State, over the objection of appellant, that he bought liquor from Edward Melton, son of appellant, at the same place where appellant was accused of selling liquor to Dink McCullough. This sale was in the summer of 1922.

Dink McCullough and Dalton Hardy, witnesses for the defendant, testified and denied that they bought liquor, as testified to by Mrs. Waters, a witness for the State. Mrs. Melton and Jewell Melton, wife and daughter of appellant, testified denying the sale as testified to by witnesses for the State. The appellant also testified that he did not sell any whiskey.

Over the objection of appellant, the court, among others, gave the following instruction:

"No. 3. There is certain evidence that has been offered with reference to an alleged sale of liquor by the defendant's wife and also by his son. You are instructed again that this testimony should not be and will not be considered by you for any purpose, unless you find that the alleged sales made by the wife and son, if made, were made at the residence of the defendant and with his knowledge and consent, and, unless you so find, you will not consider that testimony for any purpose, and if you find that it was made with his knowledge and consent by them, then you will consider it only for the purpose of

shedding light, if you find that it does shed light, upon the kind and character of business that the defendant might have been engaged in, and not as evidence against him in this case of the sale which he is charged with here.''.

1.   The appellant contends that the judgment should be reversed because the jury, in crediting the testimony of Mrs. Waters, arbitrarily disregarded the testimony of the appellant and his witnesses, four in number, all of whom flatly contradicted the testimony of Mrs. Waters. The credibility of witnesses and the weight to be given their testimony was entirely within the province of the jury. The testimony of the witness for the State did not have to be corroborated, and it was for the jury to determine whether the same was overcome by the testimony of the witnesses for the appellant. *Meeks* v. *State,* 161 Ark. 489. The testimony of Mrs. Waters to the effect that she saw the appellant sell whiskey was sufficient to sustain the verdict.

2.   The appellant next contends that the court erred in allowing the testimony of Mrs. Waters, to the effect that she saw the wife of appellant, at the same place and close to that time, sell liquor to Dalton Hardy, and also erred in allowing Joe Waters to testify that, in the summer of 1922, he bought liquor from the son of appellant at appellant's home. . The testimony tending to prove the sale of liquor made by appellant's wife and son at appellant's home, and near to the time when appellant is alleged to have made the sale, was relevant, as it tended to prove that appellant, who was the head of the house, kept liquor therein, and was a circumstance proper to be considered in connection with the testimony of Mrs. Waters, as tending to prove that appellant was engaged in the business of selling liquor at his home. *Ketchum* v. *State,* 125 Ark. 275; *Larkin* v. *State,* 131 Ark. 445; *Murchison* v. *State,* 153 Ark. 300; *Miller* v. *State,* 162 Ark. 45; see also Blakemore on Prohibition, p. 148.

3.   The court did not err to the prejudice of appellant in giving instruction No. 3, set out above. In that

instruction the court told the jury that they could not consider the testimony concerning the sales made by the appellant's wife and son for any purpose, unless they were made with his knowledge and consent, and, if made with his knowledge and consent, the jury could then only consider the testimony in so far as it tended to shed light upon the kind and character of business that the appellant might have been engaged in. The instruction was in harmony with the law announced in the above cases, and was certainly not prejudicial to the appellant. "The husband is the head of the family, and, as such, has the general right, at common law, to regulate the household, its expenses and its visitors, and to exercise the general control of the family management." 21 Cyc. 1147. If sales were being made by appellant's wife and son at appellant's home, this certainly tended to prove the character of the business which appellant was allowing to be conducted there. See Blakemore on Prohibition, p. 148; *People* v. *Sybisloo,* 184 N. W. 410, 19 A. L. R. 123.

4. The appellant urges, in the last place, that the court erred in admitting testimony of the officers to the effect that, in the summer of 1923, they searched appellant's wagon and found a gallon of whiskey. In admitting this testimony the court told the jury that it was admitted solely for the purpose of shedding light, if it does shed light, on the kind of business appellant was engaged in, and for no other purpose. The testimony was relevant to the issue as to whether the appellant was engaged in the business of illegally selling whiskey, as charged in the indictment.

In *Casteel* v. *State,* 151 Ark. 270, we said: "On the trial of manufacturing intoxicating liquors it was admissible to prove that whiskey was found in defendant's possession, and that he was convicted of transporting liquor after the indictment herein was returned." The court told the jury that they could consider such testimony only as tending to show that defendant was engaged

in the business of illegally manufacturing intoxicating liquors. The same principle applies here.

There is no error in the rulings of the trial court, and its judgment is therefore affirmed.