DuVAL AND RICE *v.* STATE.

Opinion delivered May 17, 1926.

CRIMINAL LAW—PROOF OF OTHER CRIMES.—Proof of other crimes committed several years prior to the commission of the offenses of which defendants were convicted was inadmissible, and was prejudicial where the evidence as to defendant's guilt was conflicting.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; reversed.

*Frank B. Pittard,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McCULLOCH, C. J. Appellants, Dave DuVal and Jethro Rice, together with George Seymore, were each indicted for the separate offenses of possessing a still-worm, for manufacturing mash, and for manufacturing liquor, and by consent all the cases against all of the defendants were tried together, resulting in the conviction of each of them for the offenses named, and DuVal and Rice have prosecuted their appeal to this court.

John Hopper and two other prohibition officers testified in substance that, after receiving information that a still was being operated on a certain farm about twenty-five miles east of Little Rock, in Pulaski County, they went to the place in an automobile; that, as they approached the house, they saw Rice open the door and look out, and then slam the door, and, as they speeded their car up and got close to the house, all three of the defendants jumped out of a back window and ran away, and were caught by two of the officers. The witnesses testified that, when they went into the house, they found a two hundred-gallon copper still, complete with a worm and cap, and that it was in full operation, and whiskey was coming out of the worm.

Witness Hopper was permitted to testify, over the objection of appellants, that he had seen them with large quantities of whiskey in their possession several years before this occurrence, and the State was permitted, over appellants' objection, to prove by the court sten-

ographer that appellant DuVal, in testifying in the trial of one Rudd in the Pulaski Circuit Court about two years prior to this occurrence, stated that he (DuVal) had theretofore been engaged in the business of selling liquor, but had quit the business. Hopper testified that he and other officers caught appellant Rice with twenty gallons of whiskey in a Ford car, several years before this occurrence.

The testimony in the case was sufficient to warrant the verdict of conviction, but we are of the opinion that the court erred in admitting testimony concerning appellants having whiskey in their possession several years before the occurrence under investigation. The court, in admitting the testimony, recognized the rule of law on the subject to the effect that proof of illegal acts in the manufacture, sale or transportation of liquor at other times and places than the time and place of the commission of the offense under investigation must relate to acts not too remote. But we think that the court failed to give proper application to that rule, for the evidence in this case related to acts several years prior to the commission of the offenses for which appellants were convicted. We have had many cases on this point, which are reviewed in the more recent ones of *Noyes* v. *State,* 161 Ark. 340; *McMillar* v. *State,* 162 Ark. 45, and *Melton* v. *State,* 165 Ark. 448, but in all the cases where we declared such testimony to be competent it related to acts which were close enough to the principal act involved in the investigation to treat the conduct as being so continuous as to throw light on the charge under investigation. In the present case there was no testimony tending to show illegal acts on the part of either of the accused between the acts involved in the present charge and those which the officers testified occurred several years prior thereto. It may often be a matter of discretion with the trial court to determine how close the acts must be in point of time to justify the admission of proof of distinct illegal acts of the kind under investigation, but, where there is an intermission of a year or two, it is clear that

prior acts can have no bearing on the question under investigation as to the guilt or innocence of the accused.

It is the contention of the Attorney General that the error of the court is harmless for the reason that each of the accused admitted the truth of the testimony of the officers concerning their prior acts, but these admissions did not render harmless the testimony previously introduced by the State. It was competent for the State to cross-examine the accused concerning prior unlawful or immoral conduct, regardless of time, for the purpose of testing their credibility, but this did not render harmless the error of the court in allowing the State to introduce independent testimony on the subject and to allow the jurors to consider the same for the purpose of determining the guilt or innocence of appellants of the crime charged in the indictment. If the jury had accepted the testimony of appellants, they would have exonerated them of the charge in the indictment, for they testified that they had nothing to do with the still found in the house by the officers, that they went out to the place to see Seymore on business, and did not go inside the house at all. If the jury had believed appellants, they would have acquitted them, and the jury may have been influenced by the improper testimony referred to above.

Reversed, and remanded for a new trial.