## BUNCH v. STATE.

Opinion delivered October 25, 1926.

INTOXICATING LIQUORS—UNLAWFUL SALES—EVIDENCE.—In a prosecu-
tion for selling intoxicating liquor, evidence was admissible that
defendant permitted dancing parties at his house, where the
participants became intoxicated.

Appeal from Pulaski Circuit Court, First Division;
*John W. Wade*, Judge; affirmed.

*Isgrig & Dillon*, for appellant.

*H. W. Applegate*, Attorney General, and *Darden
Moose*, Assistant, for appellee.

McCULLOCH, C. J. Appellant was indicted by the
grand jury of Pulaski County on April 28, 1926, for the
crime of selling intoxicating liquor, and, on the trial of
the case in June, he was convicted and sentenced to the
penitentiary. The State introduced several witnesses
who testified that they purchased whiskey from appel-
lant. Three witnesses—Dwyer, McGuire and Mays—
each testified to the purchase of liquor, and another wit-
ness testified about appellant furnishing liquor to the
witness and her companions on several occasions at his
home. The direct evidence of sales said to have been
made by appellant was, of course, sufficient to sustain the
verdict of conviction. The State also introduced the
testimony of witness Adkins, the sheriff of the county,
and Evans, one of his deputies, to the effect that they
had made investigations at appellant's home on different
occasions and observed drunken people about the prem-
ises, and that they had found, in and about the premises,
bottles and other containers indicating that whiskey had
been handled there.

It appears from the testimony that appellant had
been permitting dancing parties to assemble at his
house, and that on such occasions the participants became
intoxicated, and sometimes engaged in fights. The
officers testified that, on one occasion, they found three
fruit jars with a small amount of liquor in them, and
went to the barn and found a bottle with whiskey in it.

Another witness, introduced by the State, testified that he had, on a number of occasions, seen men and women in an intoxicated condition at appellant's house. It is contended that this constituted merely evidence of the commission of other crimes, which was not admissible, and also that some of the occasions were too remote in point of time to have any bearing upon the question of appellant's guilt or innocence of the particular charge in the indictment which the direct testimony of the State's witnesses tended to establish.

We have held that evidence of other similar offenses is admissible, if not too remote in point of time. *Duval and Rice* v. *State, ante,* p. 68, 283 S. W. 23, and cases therein cited. Counsel for appellant contend that some of the evidence admitted was too remote, and they rely upon the case just cited as supporting their contention for a reversal. In that case several years intervened between the commission of the crime under investigation and similar offenses disclosed in the evidence, and we decided that they were too remote to have any bearing upon the case on trial. In the present case, however, the evidence, though it goes back for a period of time more than one year preceding the commission of this particular offense, is connected up by proof of a continuous state of affairs with reference to dispensing intoxicating liquors at appellant's house down to the time of the sale shown by the direct testimony. We are of the opinion that the evidence was competent, as it tended to show that appellant had been engaged in dispensing liquor at his house for a long period of time, and this was proper for the consideration of the jury in settling the conflict in the testimony of the State's witnesses and those who testified as to direct purchases of liquor from appellant, and witnesses who were introduced by appellant whose testimony tended to show that there was no liquor sold at that place. The fact that the State relied upon direct testimony of sales of whiskey does not render the other testimony incompetent, for there was a conflict in the testimony, and the State had a right to complete its case, not only by intro-

ducing the direct testimony, but also by introducing other testimony tending to show that liquor was being sold by appellant at that place.

Judgment affirmed.