CARTER *v.* STATE.

Criminal 4095

Opinion delivered September 26, 1938.

*John Owens,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

BAKER, J.   This is an appeal from the Pike circuit court to reverse a judgment of conviction of the appellant, Ora Carter.  She was charged by information with the illegal sale of liquor.  The information was filed on the 22d day of March, 1938.  A warrant was immediately issued, but she was not arrested until the 26th day of March.  Before trial defendant filed a motion for a continuance.  That is to say, her motion was dictated into

the record and duly sworn to by her. She set up in the motion that she was arrested about 5:00 p. m. on March 26th, and that the following day was Sunday, and that she had no opportunity to procure counsel until Monday which was the 28th; that her counsel immediately, after he was employed, late Monday afternoon, caused a subpoena to be issued for a witness by the name of Inell Bullard, who was said at that time to be living in Phillips county. Certain matters were set up in the motion that the witness would swear, if present, to the effect that she, the witness, was in the house or home of the defendant at the time O. B. Owens, Jr., was there when he was alleged to have bought whiskey from the defendant; that he brought the liquor there himself at that time and drank from the bottle he had with him, and that the defendant, Ora Carter, sold liquor to no one. The court overruled this motion for a continuance, and the defendant was required to go to trial on Tuesday, March 29, without having procured the attendance of the witness.

After the defendant was convicted she filed a motion for a new trial in which she set forth the alleged error of the trial court in overruling her motion for continuance, and, second, that the court erred in permitting the prosecuting attorney, over the objections and exceptions of defendant, to cross-examine the defendant concerning her husband:

"Q. Sells liquor on the side too, doesn't he? A. I don't think so, no, sir. Q. Do you remember the time when the officers took a case of bonded liquor from him? A. What was the question? Q. Do you remember the time when the officers took a case of bonded liquor from him sometime back in the winter?"

It is also urged that the court erred in making the following remark in the presence of the jury in deciding the motion for a continuance: "When defendants wait until the day before the trial is set for hearing to subpoena a witness from Phillips county, don't think they could be expected to be here."

Appellant has briefed rather voluminously the question arising by reason of the court having overruled the motion for a continuance. The second question as to the

cross-examination of the defendant in regard to the charge that her husband had possessed and sold bonded liquor is touched upon by the defendant rather lightly, and we feel that we may presume that the defendant does not seriously rely upon this proposition as being a substantial error.

The third matter relating to a remark of the court in overruling the motion for a continuance is not presented in the brief by any argument on the part of the appellant or any citation of authority in relation to it, and, since we think that this suggestion of an alleged error is wholly without merit, this opinion will not be extended by any discussion of it.

Appellant's first contention probably might deserve very careful consideration, if the matter briefed had been raised after a proper premise had been set forth or laid therefor. There is little doubt, in fact, it is beyond argument, that defendants are entitled to compulsory process to compel the attendance of witnesses, and this means the right to a delay until witnesses may be had at the trial, when they are within the jurisdiction of the court, in all cases wherein the authority and power of the court has been properly invoked. As was said in the case of *Graham* v. *State,* 50 Ark. 161, 6 S. W. 721: "Section 10 of the declaration of rights in the constitution of 1874, among other things, guarantees to the accused in all criminal prosecutions the right 'to have compulsory process for obtaining witnesses in his favor'." . . .

". . . No consideration of expediency, of cost or convenience in the rapid disposition of causes on the criminal calendar can enter into the determination of the question—it is simply one of power, and in that the constitution has set the boundary to the courts and legislature alike, without granting to either the discretion to depart from its mandate upon any idea of expediency."

Perhaps the foregoing extract from the case cited is an announcement of the law as clearly and positively stated as it is possible to employ language suited for that purpose, and this opinion will, in no wise, impair to any extent the law as set forth in the quoted paragraphs.

The appellant in her brief alleges a strict compliance with the requirements of the statutes in regard to this motion filed by her for a continuance, and her brief argued this theory, that she did comply strictly with the requirements of the law in regard to motions for continuance.

We are confronted at the threshold of this discussion with the action of the trial court in overruling the motion, and, of course, it is incumbent upon the appellant to show this was error. The Attorney General calls our attention to the fact that the motion for continuance filed by the appellant did not conform to the requirements of the statutes, but was in substantial variance with essential matters required by law. Sec. 3966, Pope's Digest:

"Civil law applicable. The provisions of law in civil actions, in regard to postponements of the trial of actions, shall apply to the postponement of prosecutions on behalf of defendants."

Section 1494, Pope's Digest, prescribes the requisites of a motion for a continuance in civil actions. It follows:

"Requisites of motion. A motion to postpone a trial on account of the absence of evidence shall, if required by the opposite party, be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and if it be for an absent witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, that the affiant himself believes them to be true, and that the witness is not absent by the consent, connivance, or procurement of the party asking the postponement. If thereupon the adverse party will admit that on trial the absent witness, if present, would testify to the statement contained in the application for a continuance, then the trial shall not be postponed for that cause. Provided, the opposite party may controvert the statement so set forth in the said motion for continuance by evidence."

The applicable portion of said section is that part which provides what the motion shall set out. The remaining part of said section is not here considered.

Since the statute relating to motions for continuances provides a specific method, then that method must be followed substantially by one who would invoke the power and authority of the court to compel the attendance of witnesses. *Freeman* v. *State,* 150 Ark. 387, 234 S. W. 267; *Estes* v. *State,* 180 Ark. 656, 22 S. W. 2d 172.

Numerous other authorities might be cited to the same effect.

Almost every separate provision of this statute has been under test, and so far as it relates to the contents of the motion for a continuance, it has been upheld and enforced.

The appellant in this case, in moving for the continuance, did not set forth the fact of her belief in the truth of the motion filed, either in positive terms or by implication. Since our attention has been called to this fact we may not ignore the fatal defect. This court ruled upon this very question in the recent case of *Cathey* v. *State,* 194 Ark. 1074, 110 S. W. 2d 17. In that opinion it was clearly shown that the court was following established precedent as announced in *Lynch* v. *State,* 188 Ark. 831, 67 S. W. 2d 1011, and *Estes* v. *State, supra.*

It is also argued that there was error in permitting the prosecuting attorney to question the defendant in regard to the conduct of her husband in keeping and selling liquors illegally. The defendant had voluntarily made herself a witness, and after having given her testimony in chief she was cross-examined by the prosecuting attorney. This cross-examination may have followed or pursued somewhat of a wide range, but this is permissible. We see nothing in the questions and answers that was improper. It is urged, however, that the mere asking of the questions was improper; that it put into the minds of the jury the idea of an illegal liquor traffic by the husband in which the appellant here might have been interested or engaged. We do not think so. We are not unaware that the oratorical question may be the engine of a very positive declaration or statement, but

in this case questions were asked and answers given, and insofar as we can determine, most, if not all of them related directly to the credibility of the witness.

In conclusion, upon that point, it will suffice to say that no prejudice is shown, no violation of rights appears, and no authority is cited as sustaining the charge of improperiety in the proceeding.

In conclusion, it may be said that appellant urges, as we presume, the insufficiency of the evidence in that it was not directly proven by the state that the appellant did not have a valid license to sell liquor. Aside from this being a matter of defense which the appellant might clearly have offered successfully, had it been true, there seems to have been no objection to the instruction submitting this case to the jury which instruction covered all the issues determined; but this is only another way of saying that this question is an afterthought and arises for the first time upon appeal.

There is no error. Affirmed.