J. L. CLARK v. STATE OF ARKANSAS

5-5418 442 S.W. 2d 225

Opinion Delivered June 2, 1969
[Rehearing denied July 14, 1969.]

*Bill H. Walmsley* and *John Norman Harkey* for appellant.

*Joe Purcell*, Atty. Gen.; *Don Langston*, Asst. Atty. Gen.; *Mike Wilson*, Asst. Atty. Gen. for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was convicted in the Circuit Court of Independence County for the crimes of possessing intoxicants in a dry county for

purpose of sale and selling intoxicating liquors in a dry county. Since these convictions represented his third conviction of violation of the Intoxicating Liquor Penal Statutes, he was adjudged guilty of a felony and sentenced to one year in the penitentiary. Ark. Stat. Ann. § 48-811.1 (Repl. 1964).

Appellant's first point for reversal concerns the sufficiency of the evidence to support his conviction. The state's evidence consisted largely of the testimony of James Haigwood who related, in substance, the following: Arlis Lee approached Haigwood and requested that he (Lee) be driven to appellant's house for the purpose of purchasing some whiskey; Haigwood loaned Lee the money and together they drove over to appellant's house; they parked in the front of the house and Lee got out while Haigwood remained in the truck; Lee walked straight to the house and then returned with two pints of whiskey; Haigwood saw appellant hand Lee the whiskey.

The state introduced several witnesses who testified to appellant's reputation in the community for being a bootlegger, and also introduced the testimony of Deputy Sheriff King concerning appellant's attempt to get rid of a bottle of whiskey during a raid on his premises three days after the alleged sale to Lee.

Appellant's evidence was in direct conflict with that of the state. Arlis Lee testified on behalf of appellant and specifically denied that appellant sold him any whiskey. Lee stated that he went with Haigwood and parked in front of appellant's house, but that he got the whiskey out of his uncle's pickup which was parked just above appellant's house. He claimed that the whiskey was his. He said he only walked through appellant's yard because it was a shorter way to get to the pickup. The testimony of appellant's wife tended to corroborate Lee's story as did the testimony of Lonnie Lee, the uncle of Arlis Lee. Under these circumstances a clear question of fact was presented for the jury's determination.

The credibility of witnesses and the weight to be given their testimony is entirely within the province of the jury; they are not required to accept the testimony of any witness as true. *Bartley* v. *State*, 210 Ark. 1061, 199 S.W. 2d 965. In commenting on a situation similar to that which we have here this court, in *Melton* v. *State*, 165 Ark. 448, 264 S.W. 965, said, "The testimony of the witness for the state did not have to be corroborated, and it was for the jury to determine whether the same was overcome by the testimony of the witnesses for the appellant. *Meeks* v. *State*, 161 Ark. 489, 256 S.W. 863. The testimony of Mrs. Waters to the effect that she saw the appellant sell whiskey was sufficient to sustain the verdict." We hold that the evidence was sufficient to sustain the conviction.

During the trial appellee introduced, over appellant's objection, the testimony of Deputy Sheriff King. He stated that as he and several other officers approached appellant's home to search for additional whiskey and to arrest him, they observed appellant toss a bottle of whiskey out of his truck window. The introduction of this testimony, together with the bottle of whiskey which was retrieved, was objected to by appellant on the ground that it was evidence of prior criminal behavior. The admission of this testimony is appellant's second point for reversal. As a general rule evidence which shows or tends to show acts which constitute another crime wholly independent of, and unconnected with, that for which a person is charged is not admissible unless the evidence is shown to come under one of the exceptions to the rule. *Satterfield* v. *State*, 245 Ark. 332, 432 S.W. 2d 472.

Appellant argues that evidence of similar offenses is not admissible unless independently relevant to show intent, provided that intent is a real material element in the offense with which a person is charged. In support of this contention appellant relies on *Alford* v. *State*, 223 Ark. 330, 266 S.W. 2d 804. However, *Alford* did not

limit admissibility of similar offenses to those situations involving the question of intent; on the contrary the court there said, ''We need not take the time to review in detail the cases in which proof of other recent similar offenses is competent under other so-called exceptions to the general rule, as to show motive, *Shuffield* v. *State*, 120 Ark. 458, 179 S.W. 650, to rebut the plea of an alibi, *Nash* v. *State*, 120 Ark. 157, 179 S.W. 159, to prove the transaction as a whole, *Autrey* v. *State*, 113 Ark. 347, 168 S.W. 556 and so forth. The present case centers upon proof offered to show intent; so we turn to representative decisions on that point.'' We have long recognized that evidence of illegal possession of intoxicants on prior and subsequent occasions from that charged in the indictment is admissible to show the character of the business of the accused. *Johnson* v. *State*, 177 Ark. 1051, 9 S.W. 2d 233; *McMillar* v. *State*, 162 Ark. 45, 257 S.W. 366; *Withem* v. *State*, 175 Ark. 453, 299 S.W. 739 (Reversed on other grounds.); *Gray* v. *State*, 212 Ark. 1023, 208 S.W. 2d 988; *Evans* v. *State*, 177 Ark. 1076, 9 S.W. 2d 320. In a recent case we held that evidence of subsequent criminal acts is admissible for the purpose of showing motive, design, particular criminal intent, habits and practices, or guilty knowledge. *Tolbert* v. *State*, 244 Ark. 1067, 428 S.W. 2d 264. There was no error in admitting this evidence.

Appellant argues as an additional point that the court should have instructed the jury to disregard this evidence or in the alternative instructed them that they could consider such evidence only as it related to a common scheme or design. If evidence is admissible for any purpose then the objecting party must ask the court to limit the evidence to the admissible purpose or the objection is wholly unavailing. *Amos* v. *State*, 209 Ark. 55, 189 S.W. 2d 611; *Edens* v. *State*, 235 Ark. 996, 363 S.W. 2d 923. The record fails to reveal any request on behalf of appellant for a limiting instruction.

Appellant's points 3 and 7 are without merit because of his failure to note his exceptions to the court's action

as required by our rules of criminal procedure. *Bivens v. State,* 242 Ark. 362, 413 S.W. 2d 653.

Appellant's fourth point for reversal is his allegation of error in the overruling of his objection to questions to the witness Roberta Clark, his wife, relating to previous appearances as a witness. The following excerpt appears in the transcript on cross-examination by the prosecuting attorney:

Q. Roberta, you have testified in court before, haven't you?

A. Yes, I have.

BY MR. WALMSLEY:

Object, that is not relevant in any way.

BY THE COURT:

Overruled; go ahead.

BY MR. WALMSLEY:

Note our exceptions.

Q. How many times?

A. I don't remember.

Q. You mean it is that many?

A. I didn't say it was, I just said I don't remember.

Q. 10 times?

A. No.

Upon repetition of appellant's objection at this point, this line of questioning was abandoned. We find no prejudicial error in the overruling of appellant's ob-

jections to the particular questions asked. A wide latitude is allowed counsel on cross-examination to elicit facts impeaching the credibility of a witness. *Huffman* v. *City of Hot Springs,* 237 Ark. 756, 375 S.W. 2d 795; *Carter* v. *State,* 196 Ark. 746, 119 S.W. 2d 913. The scope of this examination is largely within the discretion of the trial court. *Lee* v. *State,* 229 Ark. 354, 315 S.W. 2d 916; *Bartley* v. *State,* 210 Ark. 1061, 119 S.W. 2d 965; *Dawson* v. *State,* 121 Ark. 211, 180 S.W. 761; *King* v. *State,* 106 Ark. 160, 152 S.W. 990; *Zorub* v. *Missouri Pacific Railroad Co.,* 182 Ark. 232, 31 S.W. 2d 421 The exercise of the trial court's discretion as to the matter to be permitted on cross-examination will not be disturbed on appeal unless that discretion is abused. *Bartley* v. *State,* supra; *Hightower* v. *Scholes,* 128 Ark. 88, 193 S.W. 257.

It has been held in another jurisdiction that asking a witness how many times he had been before the court was within the permissible range of cross-examination. *State* v. *Callian,* 109 La. 346, 33 So. 363. While we might not go so far as to hold that such an interrogatory was permissible under all circumstances, we are unable to say that the court abused its discretion in this particular. In view of the abandonment of this line of questioning by the prosecuting attorney, we cannot say that there was any prejudice to the appellant in this case. We will not hold that a trial court abused its discretion in the control of the range of cross-examination when no prejudice is shown, no violation of rights appears and no authority is cited as sustaining the charge of impropriety. *Carter* v. *State,* 196 Ark. 746, 119 S.W. 2d 913.

Appellant also contends that the trial court erred in overruling his objection to using the same jury to try him on the felony charge which found him guilty on the misdemeanor charges. We have previously decided this question adversely to appellant in *Miller* v. *State,* 239 Ark. 836, 394 S.W. 2d 601.

Appellant argues that he was prejudiced by the reading of the names of the foremen of the juries that

had previously convicted him and the mentioning of more than two prior convictions in the presence of the jury. If there was error, it was harmless due to the fact that appellant received the minimum sentence under the statute.

Appellant's last point for reversal alleges that the court erred in overruling his objections to the testimony regarding his reputation in the community as a bootlegger. This point is without merit. Arkansas Statutes Annotated § 48-940 (Repl. 1964) specifically provides that such evidence is admissible in cases such as this one. We held this act constitutional in *Richardson* v. *State*, 211 Ark. 1019, 204 S.W. 2d 477.

The judgment is affirmed.