Larry Darnell HANDY *v.* STATE of Arkansas

CR 78-167                          575 S.W. 2d 693

Opinion delivered January 22, 1979
(Division II)

*McArthur & Lassiter, P.A.,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst.
Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. The only issue raised on
appeal of this criminal case is the sufficiency of the evidence
to support the conviction. We find it sufficient and affirm the
judgment.

Larry Darnell Handy was charged with and convicted of
two counts of theft by receiving and sentenced to one year on
the first count, and six months on the other, the sentences to
run concurrently.

The State offered proof that an Olympia typewriter was
stolen in a burglary of the Opportunities Industrialization

Center at Little Rock on October 30, 1977. A Pioneer tape player was stolen in the burglary of a residence in Little Rock on October 25, 1977. Both items were pawned to the National Pawn Shop in Little Rock by Handy. The tape deck was pawned on December 14, 1977, for $20.00; the typewriter was pawned on December 15, 1977, for $12.00.

The owner of the pawn shop testified that the value of the typewriter was $125.00 and up. An employee of Moses Melody Shop, where the owner had purchased it, valued the tape deck at $169.95 as new and $125.00 to $150.00 trade-in value at the time of the theft.

A police officer testified that he took a statement from Handy in which Handy stated that he bought the tape player for $20.00, a shotgun for $20.00 and an electric typewriter for $15.00 from a man named Jessie. According to the statement, Handy said, "He was almost given (sic) the stuff away."

Handy testified and refuted the statement. His in-court testimony was that he bought the typewriter and tape deck because they were "real cheap." He denied that he bought a gun. He said that he did not know the seller except by the name of Jessie, had not seen him before he purchased the items, nor afterwards. He said that he was approached by Jessie outside a laundromat. Jessie said that he needed help because he was low on money and had some "stuff" to sell. He said he bought the items because it was "a real good deal." He said he wanted the typewriter for his girlfriend and he intended to use the tape deck in his home. He said he pawned the items because he needed the money to pay his rent. He said he had no idea the items were stolen.

He was qusstioned about his knowledge by the State's attorney.

Q. Well, it was such a good deal, because it was such a good deal, didn't you wonder whether or not it might be stolen?

A. Well, not at the time, you know, not at the time.

Q. You didn't?

A. It probably crossed my mind, after what he had told me.

The issue on appeal relates to knowledge. Theft by receiving is defined in Ark. Stat. Ann. § 41-2206 (Repl. 1977).

A person commits the offense of theft by receiving if he receives, retains, or disposes of stolen property of another person, knowing that it was stolen, or having good reason to believe it was stolen.

Ark. Stat. Ann. § 41-2206(3) provides:

The unexplained possession or control by a person of recently stolen property or the acquisition by a person of property for a consideration known to be far below its reasonable value shall give rise to a presumption that he knows or believes that the property was stolen.

It is not disputed that Handy had possession of these items and there was testimony that the items had been stolen. Handy admitted possession but denied any knowledge. The matter was presented to the jury and essentially it came down to whether Handy's explanation carried any weight with the jury. Obviously it did not.

On appeal we look to see if there is substantial evidence to support the conviction. *Hutcherson* v. *State*, 262 Ark. 535, 558 S.W. 2d 156 (1977). Matters of credibility are within the province of the jury and not this court. *Clark* v. *State*, 246 Ark. 1151, 442 S.W. 2d 225 (1969).

The jury was justified in finding that Handy knew or had good reason to believe that the items were stolen. Consequently, we affirm the judgment.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.