Robert James WILLIAMS *v.* STATE of Arkansas

CR 81-137                                    635 S.W.2d 265

Supreme Court of Arkansas
Opinion delivered June 28, 1982

*William R. Simpson, Jr.,* Public Defender and *Jeff Rosenzweig* and *Sandra Berry,* Deputy Public Defenders, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant Williams was found guilty of murder in the first degree, having shot and killed Pravin Patel in the perpetration of robbery at the Ritz Motel in Little Rock on November 28, 1980. The jury, finding that Williams was an habitual criminal with four or more previous felony convictions, sentenced him to life imprisonment. The two principal arguments for reversal stem from the trial court's having permitted the State, in its refutation of Williams's alibi defense, to prove on rebuttal that Williams had held up another person in the same vicinity a short time before the robbery at the Ritz Motel.

Patel was shot at the motel at about 10:30 or 11:00 p.m. A witness for the State saw Williams running from the motel

with a gun in one hand and the cash drawer in the other. The witness noted the license number and other identifying features of Williams's get-away car. That information led the police to Williams. The witness recognized the car when the police took him to it and also identified Williams in a line-up and at the trial. The sufficiency of the evidence is not in question.

In support of an alibi defense both Williams and his wife testified that he came home at about eight o'clock on the evening of the murder and remained there during the night except for a quick trip to buy beer at about nine o'clock. At an omnibus hearing the prosecution had announced its intention to call John Martin as a witness, but the judge did not then rule on the admissibility of Martin's testimony.

The State, after the defense had rested, was allowed to introduce Martin's testimony in rebuttal. Martin testified that at about ten o'clock on the evening of the murder, as he was closing up his place of employment seven or eight blocks from the Ritz Motel, Williams held him up at gunpoint and demanded that Martin hand over the money in the safe. Martin convinced Williams that he did not have a key to the safe nor any money on his person. Williams then said he was a policeman, just checking Martin out, and left. Thus the Martin incident and the murder took place in the same vicinity and during the time when Williams and his wife testified he was at home.

The admissibility of Martin's testimony is not open to serious question. It was clearly relevant to disprove the alibi. In *Nash* v. *State*, 120 Ark. 157, 179 S.W. 159 (1915), we upheld the admissibility of evidence, introduced as part of the State's case in chief to refute an alibi, that the defendant had committed another robbery at about the same time and in the same vicinity as the robbery on trial. There the trial judge gave a limiting instruction, explaining the purpose for which the testimony was presented. There was no request for such an instruction in this case; so the court was not required to give one. *Chisum* v. *State*, 273 Ark. 1, 616 S.W.2d 728 (1981). The admissibility of testimony about another crime, to rebut a defense of alibi, is uniformly recognized.

Wharton's Criminal Evidence, § 258 (13th ed., 1972); *People* v. *Appleton,* 1 Ill. App. 3d 9, 272 N.E.2d 397 (1971); *Reed* v. *State,* 481 S.W.2d 814 (Tex. Cr. App., 1972). Uniform Evidence Rule 404 (b), Ark. Stat. Ann. § 28-1001 (Repl. 1979), is to the same effect, because Martin's testimony was relevant to disprove the alibi and was not offered merely to show Williams's bad character.

It is argued that Martin should have been permitted to testify only that he saw Williams at the specified time and place, without saying that Williams confronted him with a gun. This argument is totally unrealistic. Had the testimony been so watered down, the jury would have received a false impression about the incident and might well have doubted whether Martin could identify a stranger whom he saw casually as he was closing up for the night. It was the very fact that Williams used a weapon in an attempt at robbery that would fix the incident in Martin's memory and strongly support his identification of Williams. The probative value of that important fact heavily outweighed any prejudice to Williams from the proof that he had drawn a gun on Martin.

Second, in a related point it is argued that the prosecution should not have been allowed to ask Williams on cross-examination if he had not pulled a gun on Martin at about ten o'clock that evening. In view of the admissibility of Martin's testimony, the question was within the broad latitude allowed on cross-examination to elicit facts contradicting Williams's testimony on direct examination and therefore to attack his credibility. *Huffman* v. *City of Hot Springs,* 237 Ark. 756, 375 S.W.2d 795 (1964). Indeed, had the question not been asked, the jury might have thought that the prosecution had indicated some weakness in its position by failing to give Williams an opportunity to deny or explain the incident to be described by Martin on rebuttal.

Third, before the trial expert testimony was heard for a day and a half on the question whether a death-qualified jury is more likely to convict than one not so qualified. We agree with the trial judge's conclusion that the expert testimony was not conclusive, and we adhere to our earlier

position on this issue. *Neal* v. *State,* 270 Ark. 442, 447, 605 S.W.2d 421 (1980).

We find no reversible error in the points argued nor in the other rulings brought to our attention.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. It is undisputed that the appellant used a gun in the crime with which he was charged. He was also found to have committed the crime of murder in the perpetration of a robbery. Any evidence of him pulling a gun for the purpose of robbing another individual would be seen by a jury as similar conduct to that for which he was being tried. Under our Uniform Rules of Evidence, Rule 404 (b), evidence of other crimes is not admissible to either show the character of a person or to show that someone acted in conformity with certain criminal actions. I think it was prejudicial error to admit John Martin's testimony that appellant pulled a gun on him at a time very close to the robbery and murder in question. The appellant's alibi was that he was not in the neighborhood at the time of the commission of the murder. Mr. Martin could easily have been asked, without prejudicial effect, whether he observed the appellant near his place of business and at what time. He also could have been asked whether he had a conversation with the appellant at that time. This would be all that would be needed to disprove appellant's alibi theory. No mention would have to be made of any prior criminal acts of the appellant. The single effect of the testimony that the appellant pulled a gun on Martin was to prejudice the jury. It had absolutely no probative value beyond the fact that it placed the appellant near the robbery scene. In the case of *Alford* v. *State,* 223 Ark. 330, 266 S.W.2d 804 (1954), we stated:

> We do not permit the State to bolster its appeal to the jury by proof of prior *convictions,* with their conclusive presumption of verity, and still less is there reason to allow the jury to be prejudiced by mere

accusations of earlier misconduct on the part of the defendant.

This clearly shows that our standards in the past and up until now have been to disallow evidence of prior misconduct on the part of a defendant being charged with a crime. In *Gustafson* v. *State,* 267 Ark. 278, 590 S.W.2d 853 (1979), we stated:

> There are circumstances where it is possible for the State to introduce into a criminal trial evidence that the defendant has committed crimes unrelated to those with which he is charged. One circumstance is in its case in chief, where, in very limited circumstances, the State may offer evidence of other offenses. Ordinarily, such evidence is not permitted. It is prejudicial by nature and should only be used against a defendant in a criminal action in rare cases.

I cannot see where this is a rare case coming under the exception stated in *Gustafson* because evidence of the physical presence of the appellant could have been introduced without evidence of the appellant's prior bad acts.

In response to the majority opinion that no limiting instruction was requested by the appellant, he filed a motion in limine to prevent the exact testimony which was twice presented in this case, once on cross-examination and a second time on rebuttal. Objections were also made at the time the testimony was presented and a motion for mistrial was made. Every effort was made to prevent this prejudicial material from being used against the appellant. A limiting instruction at this point would have been useless even if it had been given.

I believe the appellant has furnished proof that a "death qualified" jury is more apt to convict than a jury not so qualified. The record on this point is quite persuasive and voluminous. I will not repeat any of it here because my opinion comprises such a distinct minority on this issue. It appears to me the only way to solve this continuous and troublesome problem is to have a "non-death qualified"

jury determine the guilt or innocence of an accused and then allow a "death qualified" jury to determine the sentence.