Archie SHIELDS *v.* STATE of Arkansas

CR 83-139                                                664 S.W.2d 866

Supreme Court of Arkansas
Opinion delivered February 21, 1984
[Rehearing denied March 19, 1984.*]

*PURTLE, J., would grant rehearing.

*Dale Varner,* for appellant.

*Steve Clark,* Atty. Gen., by: *Marci L. Talbot,* Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. In a trial by jury in Washington County Circuit Court, appellant was convicted of two charges of deviate sexual activity involving his 8½ year old stepdaughter and 6 year old stepson, and was sentenced to the maximum punishment of forty years for each charge. The trial court ordered the sentences to run consecutively. From this conviction appellant appeals arguing that (1) the evidence was insufficient to support the jury verdict; (2) the trial court erred in failing to give a limiting instruction on the testimony of an expert witness; and (3) the consecutive sentence was excessive.

The little girl testified that one day while her mother was at a Parent Teacher Conference appellant "laid me down on the bed" and put "his privacy" into her body and then "wiped some white stuff" onto her panties. She said it hurt and she cried, and, although she didn't tell her mother, her mother found out about it. She further stated appellant put his finger up her. The little boy testified that when he and appellant were in the shower together appellant stuck "his private part inside me" into "my behind."

The mother of the two children testified that a few days later she found the little girl's panties with stains on them as she was doing the laundry. She took them to her mother-in-law's house to tell her mother-in-law that she now had the evidence. She further testified that one day she came home and heard appellant and the little boy in the shower and heard the little boy say "Don't Daddy, that hurts." She then heard appellant say "Loosen up and it won't."

The medical doctor who examined the children testified he found no physical evidence of penetration in either child. He did not conduct his examination until about ten days after the occurrence. Further, the doctor stated at trial that there could have been no more than slight penetration because there was no physical evidence of that penetration.

A psychologist testified as to what the children told her had happened to their bodies and stated that in her opinion she thought the children had been molested. On appeal we view the evidece in the light most favorable to the non-moving party. If there is substantial evidence to support the jury's conclusion, we must affirm the verdict. *Osborne* v. *State,* 278 Ark. 45, 643 S.W.2d 251 (1983). We find substantial evidence to sustain the jury's verdict.

Appellant argues that the trial court erred in failing to give the jury an instruction limiting the testimony of an expert witness. The trial court had admitted the testimony under the hearsay exception allowing admission of statements made for the purposes of diagnosis or treatment. After its ruling, the trial court stated, "I'll let you proceed on that basis but at the end of this line of questioning, if you request it, I will ask the jury to consider it for that purpose only." The record reflects that appellant never asked for the cautionary instruction. We are not persuaded that the trial court properly admitted the testimony, but that issue is not raised on appeal. The admissibility of the expert's testimony is, therefore, not preserved for our consideration. The issue raised on appeal is that the trial court erred in its failure to give a limiting jury instruction. Appellant's failure to offer his instruction precludes a consideration of that issue. *Williams* v. *State,* 276 Ark. 399, 635 S.W.2d 265; *Osborne* v.

*State,* 278 Ark. 45, 643 S.W.2d 251 (1982).

Appellant further argues that the imposition of consecutive sentences of 40 years each is excessive. It is well-settled Arkansas law that we will not reduce or compare sentences which are imposed within the statutory limits. *Thompson* v. *State,* 280 Ark. 265, 658 S.W.2d 350 (1983); *Kaestel* v. *State,* 274 Ark. 550, 626 S.W.2d 940 (1982). The jury found appellant guilty and sentenced him to the maximum punishment on each charge. The trial court then exercised its discretion and ordered the sentences to run consecutively. The imposition of consecutive sentences is well within the trial court's discretion. We will not reverse the trial court absent a manifest abuse of that discretion. Ark. Stat. Ann. §§ 43-2311 and 43-2312. See also *Noland* v. *State,* 265 Ark. 764, 580 S.W.2d 953 (1979).

Affirmed.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur because the majority holds that the issue of admitting the psychologist's testimony is not reached on appeal. When we face the issue I will insist that neither a psychologist nor anyone else may testify as to whether any particular person is telling the truth or not. It would take clairvoyant power to make such a determination. The statements of the psychologist were admitted pursuant to Unif. R. Evid. 803 (4) which is an exception to the hearsay rule. This rule expressly provides that statements for the purpose of medical treatment or diagnosis are admissible. The testimony in this case cannot possibly be attributed to such purposes. If such testimony were allowed a doctor could describe to the jury how an accident occurred, if a patient first told him how it happened.