## O'Conner v. Commonwealth.

(Decided September 25, 1917.)

## Appeal from Ballard Circuit Court.

Intoxicating Liquors—Possession of Liquors—Subsequent Prosecution—Bar.—Defendant sold to the prosecuting witness a quart of whiskey, and at that time had other intoxicating liquors in his possession, and was afterwards charged with having sold liquor in local option territory, and also with the offense of having in his possession intoxicating liquors within such territory for the purpose of sale. Upon the trial of the latter offense the prosecuting witness testified to having purchased from defendant the quart of whiskey, and also that he at that time had in his possession other liquors, the court admonishing the jury that the testimony about the purchase of the quart was only for the purpose of showing the intent of appellant in having in his possession the other liquor. Held, that a conviction under the charge of having intoxicating liquors in his possession for the purpose of sale in local option territory is not a bar to a subsequent prosecution for the unlawful sale of the quart of whiskey to the prosecuting witness.

J. B. WICKLIFFE for appellant.

CHARLES H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Charles O'Conner, was arraigned before the county judge of Ballard county in November, 1916, upon two warrants previously issued by the court, one charging him with having in his possession spirituous, vinous and malt liquors for the purpose of selling them in local option territory, being the offense created by sub-section 2 of section 2557b of the Kentucky Statutes, and the other charging him with unlawfully selling spirituous, vinous and malt liquors in local option territory, being the offense denounced by section 2557b of the same statutes.

He was tried before the county judge upon the first charge and convicted, prosecuting no appeal to the circuit court from that judgment. Subsequently he was tried by the same court for the latter offense of having unlawfully sold spirituous, vinous and malt liquors within local option territory, and was again convicted. Upon the trial of that prosecution, in addition to the plea of not

guilty, he interposed that of former conviction, insisting that the judgment convicting him of having in his possession spirituous, vinous and malt liquors was a bar to the prosecution for having sold such liquors in local option territory. From the judgment of the county court convicting him of the latter offense he prosecuted an appeal to the circuit court, and upon his trial in that court he was again convicted, and to reverse that judgment he prosecutes this appeal. Upon the trial in the circuit court he again insisted upon his plea of former conviction, and it will be observed that both courts declined to uphold it.

The only insistence made upon this appeal is that the court erred in failing to uphold that plea.

The uncontradicted facts are that a short while before his arrest the appellant was the owner of some kind of boat being operated by him for some purpose on the Ohio river bordering on Ballard county. The sheriff of the county, G. W. Terry, went upon the boat while it was within the jurisdiction of Kentucky and purchased from appellant a quart of whiskey, and while there discovered that he had on hand something like thirty quarts and perhaps as many pints of whiskey, and two or three cases of beer. Upon the trial before the county judge under the charge of having in his possession spirituous, vinous and malt liquors for the purpose of sale in local option territory, the sheriff testified to the facts as stated, including the purchasing of the quart of whiskey by him, but the court admonished the jury which had been selected to try the case that they would consider the fact of the sheriff having purchased the quart of whiskey only for the purpose of showing the intent of appellant in having in his possession the other liquors which we have mentioned, and for which he was at that time being tried. The court also, at the same time, admonished the jury that appellant was not then being tried for having sold to the sheriff the quart of whiskey, and that they could not convict him of unlawfully selling whiskey in local option territory.

It is contended by counsel for appellant that because the sheriff was a witness in each case and testified upon the first trial to having purchased the quart of whiskey, the plea of former conviction should prevail in the subsequent and last trial upon the charge of unlawfully selling whiskey, and in support of this contention we are cited to the case of Shirley v. Commonwealth, 143 Ky.

183, and other similar ones. Counsel clearly misconstrues the line of cases to which he refers, for it is, perfectly clear that a proper understanding of them will disclose their non-applicability to the facts of the instant case.

In the Shirley case, which is an example of the others relied upon, the judgment pleaded in bar of a subsequent prosecution was rendered in a trial for the same offense as that in which the plea was interposed, they both being for the unlawful sale of whiskey in local option territory. The testimony heard upon the trial resulting in the judgment there relied upon as a bar to the subsequent prosecution did not confine the sale to any particular day or month of the year preceding the finding of the indictment, and it was determined in substance that the defendant was placed in jeopardy for any and all similar offenses which he may have committed throughout the preceding year.

The facts in the case under consideration are so clearly distinguishable from the facts of those cases as to require from us but little comment. The judgment of conviction here sought to be relied upon in bar of the subsequent prosecution was for a separate and distinct offense from that of unlawfully selling whiskey in local option territory. In the one case the offense is complete when it is shown to the satisfaction of the trial court that the defendant had in his possession the forbidden liquors for the purpose of selling them in local option territory. It is not necessary that any sale should have been made. In the latter case nothing short of a sale completes the offense. We need not (and do not) determine whether the plea would have been good if the first conviction had been obtained because of the appellant having in his possession the particular quart of whiskey that was sold, for upon that trial the evidence was confined to the remaining liquors in possession of the appellant.

One of the essential and perhaps chief elements of this character of plea is that the testimony heard upon the first trial, the judgment in which is relied upon, would authorize a conviction in the case in which the plea is entered. This element is wholly lacking in the instant case because of the fact of the prosecuting witness having purchased the liquor was excluded from the jury except for the purpose of showing the intent, as stated, of appellant in having the remaining liquors in his possession.

We therefore conclude that the court properly held the plea insufficient, and that the judgment is correct, and it is affirmed.