## Collins *v*. State.

### Opinion delivered May 3, 1920.

1. INTOXICATING LIQUORS—INSTRUCTION.—In a prosecution for selling intoxicating liquor, where the testimony showed that the liquor being sold by defendant contained about 15 per cent. alcohol, an instruction requiring the jury to find that it was sold as a beverage was not erroneous in not requiring an affirmative showing that alcohol was the predominating element; for if the drink was alcoholic, and was ordinarily sold as a beverage, its sale was unlawful.

2. CRIMINAL LAW—INVITED ERROR.—Kirby's Digest, § 3088, providing that failure of defendant to testify shall not create any presumption against him, does not authorize defendant's counsel to offer explanation as to his failure to testify, so where counsel for defendant charged with selling intoxicating liquors, stated that he did not take the stand because it was not necessary, he can not complain that the prosecuting attorney replied that he could have taken the stand and denied selling the stuff.

Appeal from Sebastian Circuit Court, Greenwood District; *John Brizzolara,* Judge; affirmed.

*Holland & Holland,* for appellant.

1. The proper rule in determining whether a medical compound may be considered intoxicating is correctly stated in 4 Am. Law Rep. Anno., p. 1155. The court erred in permitting the State to prove that the medical compound contained 15 per cent. alcohol by volume and 12 per cent. by weight. The court should have sustained the demurrer to the evidence. There was no

competent proof that the compound was other than a medicinal preparation. There was no proof of a sale.

2. The State's attorney's remarks were prejudicial. 73 Ark. 151; 89 *Id.* 401.

3. There was no substantial proof of the intoxicating nature of the compound, and the court erred in failing to direct a verdict for defendant. 88 Ark. 454; 88 S. W. 92.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

1. The question whether or not the preparation was intoxicating was one of fact and properly submitted to jury; they, by their verdict, have settled the question, and there was evidence to sustain their finding and this court will not disturb. 122 Ark. 211.

2. Appellant can not complain that he was surprised by the testimony of Price. 66 Ark. 620. Motions for new trial are addressed to the sound discretion of the court, and no abuse is shown here. 96 Ark. 403.

SMITH, J. Appellant was tried, and convicted, upon a charge of selling intoxicating liquors, and has prosecuted this appeal to reverse that judgment.

Without introducing any direct testimony in support of that theory, appellant sought, by his cross-examination of the State's witnesses, to prove that the liquor sold was a medicine, and was not intended to be used as a beverage. The witnesses referred to the liquor as a medicine, and it was called bitter wine. One Price, a deputy sheriff, went to appellant's home, and found three full cases of the liquor and a part of a fourth case. The bottles were sold at $1.10 each. Price further testified that appellant told him he ordered the medicine in lots of a half-dozen cases. The prosecuting attorney asked Price if he had seen parties in a drunken condition with this liquor in their possession; but the court sustained an objection to this question and refused to permit the witness to answer. The court allowed the witness to state that appellant had been selling the liquor regularly,

and to answer these questions: "Q. You say you saw parties drunk? A. Yes, sir. Q. Do you know, from your own knowledge, that they had been drinking this? A. I have seen them with the bottles. Q. What condition was the bottle in when you saw it; was it full or partly empty? A. I cannot say."

Evan Vaught, the city chemist of Fort Smith, testified that he made an analysis of the liquor, and that it contained 15 per cent. of alcohol by volume and 12 per cent. by weight. He also testified that he did not know whether it was intoxicating or not, that it would depend upon how much of this particular mixture an individual could drink. He was asked if he knew whether there was anything in it to render it nonintoxicating, and he answered that he did not.

The court gave the following instruction: "Before the jury in this case can convict the defendant, they must find that a sale has been made by the defendant since July 1, 1917, and must further find that the compound in this cause was ordinarily sold as a beverage by said defendant."

Objection was made to this instruction upon the ground that an affirmative showing should have been required that alcohol was the predominating element of the compound. But the instruction required the jury to find "that the compound in this cause was ordinarily sold as a beverage by said defendant," and certainly appellant could not have asked a more favorable declaration of the law. If the drink was alcoholic, and was ordinarily sold as a beverage, it was unlawful to sell it.

Error is assigned in permitting the prosecuting attorney to state to the jury that, "If the defendant did not sell the stuff he could have taken the stand and testified." In the absence of explanation, we would be compelled to hold that this was error calling for the reversal of the judgment, as violative of section 3088 of Kirby's Digest, which gives the defendant the right to testify at his own request, and provides that his failure to make such request shall not create any presumption against him.

But it appears from the record that the objection to this remark was overruled because counsel for defendant had stated that appellant had not taken the stand for the reason that it was not necessary for him to do so, the inference being that there was nothing for appellant to deny; and to that statement the prosecuting attorney replied that appellant could have taken the stand and denied selling the stuff. This is a case of invited error. Appellant's counsel should not have commented upon appellant's failure to take the stand. He should have based his argument upon the testimony which went to the jury without commenting upon the fact that appellant had not testified at all. The statute is a shield, and not a sword. It gives the defendant the right to testify at his election, and provides that his failure to make such request shall not create any presumption against him. But it does not give his counsel the right to discuss the failure to make this request and to furnish explanations concerning it. *Caddo River Lbr. Co.* v. *Grover*, 126 Ark. 449; *Dow* v. *State*, 77 Ark. 464; *St. Louis S. W. Ry. Co.* v. *Leflar*, 104 Ark. 528; *Smith* v. *Boswell*, 93 Ark. 66. Judgment affirmed.