NIXON *v.* STATE.*

(Division B.   Oct. 31, 1927.)

[114 So. 346.   No. 26697.]

CRIMINAL LAW. *Plea of former jeopardy for possession held not defense in prosecution for sale of liquors.*

A plea of *autrefois convict* or *acquit* is not sufficient against a prosecution for the sale of intoxicating liquors, where the record shows such conviction was for the unlawful possession, and not

for the sale of such liquors, although the same witnesses may
testify to each case.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 279, n. 47
New.

APPEAL from circuit court of Jasper county, First
district.

HON. W. L. CRANFORD, Judge.

Artis Nixon was convicted of the sale of intoxicating
liquors, and he appeals. Modified and affirmed.

*F. H. Bush* and *Frank Clark,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General,
for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Artis Nixon, was indebted by the grand
jury of the First judicial district of Jasper county for
the unlawful sale of intoxicating liquor.

The indictment charged that the sale in said district
was made on the ———— day of October, 1924, and had
on it as witnesses the names of Walter Leggett and
George William Martin.

The defendant or appellant herein filed a plea of
*autrefois convict,* setting up that he had been tried in
the court of the justice of the peace for having pos-
session of intoxicating liquors; that the original affi-
davit in the court of the justice of the peace charged
him with the sale of such intoxicating liquors; and that
the same witnesses were summoned, but, by agreement
between the defendant and the district and county at-
torneys, the affidavit was amended so as to change the
sale to possession of intoxicating liquors; and that, after
said amendment was made, he pleaded guilty thereto.

This plea was heard by the court; and the justice of
the peace, introduced as a witness, testified that the affi-

davit was made for the sale of liquor, but, by agreement of the attorney for the .defendant and the district and county attorneys, it was amended so as to charge the possession of intoxicating liquors instead of the sale of intoxicating liquors; that there was a plea of guilty; and that he fined and sentenced the defendant to imprisonment for such possession.

The court held that the plea of former conviction was not sustained by the evidence; and appellant was placed on trial for the sale of intoxicating liquors; the two witnesses above named testifying that they purchased from him one gallon of whisky in October, 1924, in the First judicial district of Jasper county.

. · The question relied on here is the plea of former conviction. It is a familiar rule that, in order for them to be a former conviction or former acquittal, the issues in each of the cases must be the same. There is a difference between the possession of liquor and the sale of liquor. The statute (Hemingway's Code, section 2085 *et seq.,* as amended) denounces each as a separate offense. It is permissible under the law to amend an affidavit before a justice of the peace; but the proceedings before the justice of the peace were such as to change the crime charged, and this was done by the connivance and consent of the appellant. The punishment for the two offenses was different. The court was therefore correct in holding the plea insufficient. There was no error in the trial of the case for the sale of intoxicating liquors under the indictment. The court imposed a fine of five hundred dollars and imprisonment for six months in jail for said offense. It is clear that the court intended to impose the maximum penalty; but six months is excessive, and, therefore, the judgment will be modified so as to limit the imprisonment to ninety days; and same is affirmed as modified.

*Affirmed as modified.*