HUGHES *v.* STATE.

4389                                                189 S. W. 2d 713

Opinion delivered October 15, 1945.

*Denver L. Dudley,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. Elbert Hughes has appealed from a judgment that he pay a fine of $100 and serve ten days in jail, the charge having been that he illegally possessed liquor for the purpose of sale.

Sheriff Leon Brown of Craighead County testified that he received a telephone call from the town of Monette the afternoon of February 2, 1945, and in response to information so acquired he went with his deputy, C. D. Wilson, and apprehended Hughes driving toward Jonesboro, and engaged him in conversation. When Hughes was asked what was in the car he replied that he had some fish. This was true; but his further assurance that "that is all" proved to be incorrect. When the sheriff asked for a key to the trunk compartment, Hughes smiled and said, "I guess you've got me." Three cases of whiskey were found in a suitcase. Testimony was that Hughes lived in Jonesboro. Over objections of the defendant the State was permitted to introduce Jonesboro Municipal Court records showing (a) conviction September 13, 1944, on a charge of selling liquor without city license; (b) conviction September 13, 1944, on a charge of selling liquor to a minor; (c) conviction November 20, 1944, on a charge of selling liquor without a city license, and (d) conviction March 8, 1945, on a charge of possessing liquor for sale.[1]

The prosecution, from which this appeal comes, originated in the Court of Marvin Phillips, a Justice of the Peace for Lake City Township, where information, as shown in the footnote, was filed.[2] Other than the three formal grounds ordinarily contained in a motion for a new trial, the defendant insists (a) that the Court erred in holding that "Initiated Act of 1943 for Craighead

---

[1] There was other testimony.

[2] "Comes James C. Hale, Prosecuting Attorney for the Second Judicial District of the State of Arkansas, by his deputy, Ivie C. Spencer, and accuses Elbert Hughes of the crime of possessing intoxicating liquor for the purpose of sale, committed as follows, to-wit: That the said Defendant, Elbert Hughes, did on the [blank] day of February, 1945, in the Lake City District of Craighead County, Arkansas, unlawfully possess and carry around in a motor vehicle, intoxicating liquor for the purpose of sale in a territory now dry by reason of acting under provisions of Initiated Act No. 1 of 1943; against the peace and dignity of the State of Arkansas."

County is valid''; (b) in admitting as testimony the records of municipal court convictions; (c) in refusing to instruct that it must have been the defendant's intention to sell liquor unlawfully in the Lake City District of Craighead County, as distinguished from the Jonesboro District; (d) in refusing to instruct that ''because the defendant lived in Jonesboro or had been convicted of liquor violations in Jonesboro you cannot presume that he was taking the liquor here involved to the Jonesboro District''; (e) in refusing to instruct that ''the transportation of whiskey on which State and Federal taxes [have] been paid is not a violation of law, regardless of amount, [and] regardless of the fact that it may be through a dry county''; (f) the Court erred in instructing the jury to consider the case under Par. 2, Sec. 6, Art. 7 of Act 107 of 1935,[3] and (g) the Court erred in failing to instruct ''with refernce to the separate and distinct status of the Jonesboro District and the Lake City District of Craighead County,'' insistence being that the defendant must have possessed liquor in the Lake City District with intent to sell it in that District.

Appellant's first argument is predicated upon the assertion that the information filed with the Justice of the Peace charged that he ''unlawfully possessed and carried around intoxicating liquor under Initiative Act No. 1 of 1943.''

We do not think the information is susceptible of this construction. What it says is that the defendant ''unlawfully possessed and carried around in a motor vehicle intoxicating liquor for the purpose of sale in a territory now dry by reason of acting under provision of Initiative Act No. 1 of 1943, against the peace and dignity of the State of Arkansas.'' It will be observed that the gravamen of the offense was the unlawful possession and transportation of liquor in dry territory, for the purpose of sale, and that such territory had been made dry because the electors had spoken under authority of the Initiated Act.

[3] The reference obviously was to Act 108, rather than Act 107.

In *Mondier* v. *Medlock,* 207 Ark. 790, 132 S. W. 2d 869, there is reference to "Initiated Act No. 1, adopted November 3, 1943." The headnote to this case mentions Initiated Act No. 1, and correctly states that it was adopted in November, 1942. The reference to 1943 in the text of the opinion was a typographical error brought forward in the Reports. But, as a matter of fact, Section 8 of the .Act provides that it shall be in full force and effect on and after January 1, 1943. See *Winfrey* v. *Smith, ante,* p. 63, 189 S. W. 2d 615.

In view of the Court's ruling that the municipal court records were admissible "only for the purpose of showing the nature of the business of the defendant," the objection to their introduction was properly overruled. Mr. Justice WOOD, who wrote the Court's opinion in *Casteel* v. *State,* 151 Ark. 69, 235 S. W. 386, said that where the defendant was being tried on a charge of having manufactured intoxicating liquors, it was permissible to prove that whiskey was found in his possession and that he had been convicted of transporting liquor after the indictment on which he was being tried had been returned. The Court in that case, as in the case at bar, told the jury that the testimony objected to could be considered only as tending to show the nature of the business the defendant was shown to have engaged in.

Art. VI, § 7, Act 108 of 1935, provides that in any prosecution or proceeding for any violation of the measure, "the general reputation of the defendant . . . for being engaged in the illicit manufacture of or trade in, intoxicating liquor shall be admissible in evidence against said defendant or defendants." In the case at bar the defendant did not testify, and evidence of the transaction in question was brought into the record by the testimony of the Clerk of the Jonesboro Municipal Court. If it be urged that the facts presumptively disclosed by the judgments did not meet the test required for establishing one's reputation when it is appropriate that such reputation be established, answer is found in the Casteel decision. In the charge being investigated, it was reasonable to infer that the defendant's proclivi-

ties were such as to identify him with the trade. The Court properly instructed that testimony of this character, in order to be admissible, must be comparatively recent. Court records are public, and it was not improper to bring to the attention of the jury matters theoretically generally known, where the purpose for which the infractions might be considered was circumscribed by the Court's instruction.

The only information in the record is the one filed in the J. P. Court. If the defendant was then tried on the different charge, that fact is not affirmatively disclosed; nor can we consider appellant's contention respecting the legal status of the two separate districts of Craighead County under Initiated Act No. 1. Although certain objections were interposed and arguments were made to the trial court, there is no evidence either district voted separately for prohibition or that the county voted for it as a whole. The Court informed the jury in one of its instructions that the defendant was charged with possessing liquor for the purpose of selling it in Craighead County, ''a county which is dry under the local option law.'' There is no finding of any fact disclosing the method by which possession for sale was made illegal. The Court had a right to take judicial notice of the local law. *Crumley* v. *Guthrie*, 207 Ark. 875, 183 S. W. 2d 47. The Court was also correct in refusing to give an instruction on the right of one to transport liquor through a dry territory.

Section 6 of Initiated Act No. 1 of 1942 declares the legislative intent to be that its provisions ''be cumulative to the liquor laws now in force.'' The question determined in *Mondier* v. *Medlock, supra,* was that the formula promulgated in Initiated Act No. 1 was complete in respect of elections, and that requirements of Act 108 as to petitions for an election, etc., had been superseded. The final holding was that no essential constituent of an election is left to intendment.

Thus nothing in the opinion suggesting that the provisions of Act 108 not inconsistent with the Initiated measure were repealed; nor were they.

We cannot say, as a matter of law, that there was no substantial evidence to support the judgment.

Affirmed.