HARRIS *v.* CITY OF HARRISON.

4450                                  204 S. W. 2d 167

Opinion delivered June 23, 1947.

Rehearing denied September 22, 1947.

*W. F. Reeves,* for appellant.

*J. Smith Henley,* for appellee.

GRIFFIN SMITH, Chief Justice. E. B. Harris has appealed from a judgment based upon the charge of possessing intoxicating liquor for sale in dry territory. He was first tried before Harrison's Mayor in City Court. From conviction he appealed and was fined $350 in Circuit Court. In the motion for a new trial errors as-

signed were (a) inadmissibility of evidence; (b) want of substantial evidence that the liquor found in the defendant's home was intended for sale; (c) a verdict should have been directed when the City conceded there was no municipal ordinance prohibiting the conduct complained of; (d) the jury ought to have been instructed in a manner consistent with § 14152 of Pope's Digest. Other matters are argued, but they were not assigned in the motion for a new trial—such, for instance, as the introduction of records showing payment of a fine in 1945 for a conviction in 1944, where the charge was possession of untaxed liquor.

*First.*—(a). The evidence admitted and excepted to was that of officers and others who were allowed to testify that the defendant's reputation for engaging in the illegal sale of liquor was bad. The Court, by Instruction No. 3, told the jury the State was permitted to show the general reputation of the defendant "with refernce to illegal sale of liquor within recent times, [but such testimony] can be considered only as tending to show the nature of the business in which the defendant is or was engaged at the time of the alleged offense".

It is argued here, as it was in *Hughes* v. *State,* 209 Ark. 125, 189 S. W. 2d 713, that, because the defendant did not testify, his reputation for illegally selling liquor could not be injected into the trial. In the Hughes case we cited Art. VI, Sec. 7, Act 108 of 1935, where it is provided that in any prosecution or proceeding involving violation of the Act, the general reputation of the defendant for being engaged in the illicit manufacture of or trade in intoxicating liquor may be shown. There was no error, therefore, in admitting the testimony of those who said the defendant's reputation was bad.

*Second.*—(b). The officers procured a search warrant and went to Harris' home in Harrison where three fifth-gallon bottles of whiskey were found, in addition to some empty bottles. The officer had observed unusual activities at the Harris home, indicating that liquor was being dispensed. On one occasion the Police Chief followed a cab after the occupants had stopped at the Harris

home. When the officer stopped the cab Leland Cole "took about a half of a fifth [of whiskey] out of his pocket and laid it on the [cab] seat".

While this testimony and other facts brought out at the trial might be construed to indicate that the accused had obtained the intoxicants for personal consumption, there is no assertion by witnesses for Harris that this was the case. He elected to rely upon weakness of the State's position. We cannot say there was no substantial evidence to sustain the verdict.

*Third.*—(c). Appellant conceded that Secs. 9798-9 confer upon Mayors of Incorporated Towns and of Cities of the Second Class jurisdiction in criminal matters concurrent with Justices of the Peace where the crime occurs within the municipal corporation; but, says appellant, if the City acts through its Mayor process must run in the name of the State if there is no ordinance covering the subject matter. According to this construction the case should have been styled, *"State of Arkansas v. E. B. Harris"*, where the record discloses the City of Harrison to be the complaining party.

*Marianna v. Vincent,* 68 Ark. 244, 58 S. W. 251, held that an affidavit executed by the Marshal, and a warrant issued by the Mayor directed to the Marshal, was ample authority for the arrest of Vincent on a charge of selling whiskey, although the town did not have the power to prohibit sale of intoxicants. The opinion by Chief Justice BUNN says: "The affidavit for the warrant and the warrant itself, taken together, determined the jurisdiction of the Mayor, not what he or the Circuit Court said in the rendition of these respective judgments. There is no mention of an ordinance, nor reference to one, in the affidavit or warrant. The crime alleged in them was, at all events, a violation of the State law. . . . The Mayor of a town has the same jurisdiction to hear and determine cases under the criminal laws of the State as has a Justice of the Peace.'"[1] To the same effect are *Watts v. State,*

---

[1] Act 284 of 1941 amends Sec. 9798 of Pope's Digest (applicable to incorporated towns) and Sec. 9809 (applicable to cities of the second class) by inserting a proviso relative to justices of the peace and the disposition of fines. The question is not raised in the instant appeal.

160 Ark. 228, 254 S. W. 486, and *Sharp* v. *Booneville,* 177 Ark. 294, 6 S. W. 2d 295. A more recent case is *Thompson* v. *City of Little Rock,* 194 Ark. 78, 105 S. W. 2d 537. In the Thompson case it was said that existence of an ordinance prohibiting a person from carrying concealed weapons was unimportant, since the subject was covered by State laws. Other decisions are cited in the ones we have mentioned. [See the fourth subdivision of § 3679 of Pope's Digest].

*Fourth.*—(d). Finally it is urged that an instruction that if guilty the defendant could be fined in a sum not less than $250 nor more than $500 was erroneous, the contention being that § 14152 of Pope's Digest is the applicable statute. It authorizes a fine of not less than $50 nor more than $100, *and* imprisonment for not less than ten days nor more than fifty "for any person to sell, lend, give, procure for, or furnish to another" any intoxicating liquors. This provision is a part of Art. VII, Sec. 6, Act 108 of 1935, and it imperatively requires, upon conviction, that a jail sentence of not less than ten days be imposed for the character of violation contemplated. We have held, however, that § 14134(c) of Pope's Digest, fixes the punishment of "Any person who shall by himself or his employee, or servant, or agent for himself, or any other person, keep or carry around on his person, or in any vehicle, or leave in a place for another to secure, any intoxicating alcoholic liquors with intent to sell the same in violation of [Act 108], . . . shall be deemed guilty of a misdemeanor [and] shall be fined not less than $250 nor more than $500 for the first offense." *Joy* v. *State, ante,* p. 185, 199 S. W. 2d 745. The penalty was not mentioned in the Joy case, but the fine affirmed was $250. The charge was that the defendant possessed beer for the purpose of selling it, and that the offense occurred in a territory voted "dry" under Initiated Act No. 1 of 1942-43. There is no distinction in principle between the transaction at bar and the Joy case.[2]

---

[2] Act 356 of 1941 amended art. 6, Sec. 1 (c) of Act 108 of 1935 by fixing the penalty at not less than $500 nor more than $1000. Act 218 of 1943 amended Sec. 1 of Act 356 of 1941 (subdivision "c"- by fixing the fine at not less than $250 nor more than $500, as in Act 108.

Specific objections were made in respect of the instruction which told the jury that evidence regarding the defendant's reputation for selling whiskey was admissible, and to the Court's action in informing the jury that the applicable statute was § 14134(c) of Pope's Digest. Only general objections were interposed to the other four instructions.

Although appellant in his brief argues that there is no authority of law for the City of Harrison to receive proceeds of the $350 fine, the matter was not included in the motion for a new trial, and hence is not subject to review.

Affirmed.