RICHARDSON *v.* STATE.

4460                                204 S. W. 2d 477

Opinion delivered September 22, 1947.

Rehearing denied October 20, 1947.

*P. L. Smith,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice.   The Grand Jury of Pike county indicted appellant, Bones Richardson, for selling intoxicating liquor on Sunday in violation of § 2 of Act 257 of 1943.  He was found guilty by a petit jury and his punishment fixed at the minimum fine of $100 prescribed by the Act.

Harvey Lancaster testified on behalf of the State that on Friday, preceding Sunday, March 16, 1946, he gave Homer Thomas $8 with which to procure whiskey. Thomas lives across the road from his uncle, the appellant, near the town of Antoine.  On the Sunday in question Lancaster and a companion drove to the home of Thomas for the whiskey.  Thomas told Lancaster he did not have the whiskey, but could get it within a short time, if they would drive down the road a short distance.  As they drove away, Thomas went toward the home of appellant.  Upon their return, Thomas delivered to Lancaster a pint of whiskey and the balance of the $8 previously advanced, after deducting the purchase price of $5.

Homer Thomas testified to the same facts as Lancaster.  He also testified that, as Lancaster and his companion drove down the road, he went to appellant's place where he obtained the pint of whiskey from appellant for which he paid $5.  Over appellant's objection, several

witnesses testified that his reputation for engaging in the illegal sale of liquor was bad.

For reversal of the judgment it is first insisted that the testimony of the witness, Homer Thomas, is uncorroborated and, therefore, insufficient to sustain a conviction under § 4017 of Pope's Digest. This statute provides that a conviction cannot be had in felony cases upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense. By the terms of the statute, the requirement of corroboration is not only confined to felony cases, but it is further provided that a conviction may be had upon the testimony of an accomplice, alone, in misdemeanor cases. Appellant was convicted of a misdemeanor and the uncorroborated testimony of Homer Thomas, if believed by the jury, was sufficient to sustain a conviction.

The second contention of appellant is that the trial court erred in the admission of evidence of appellant's reputation for illegally selling intoxicating liquor. Article VI, § 7, Act 108 of 1935 (Pope's Digest, § 14140), provides: "In any prosecution or proceeding for any violation of this Act, the general reputation of the defendant or defendants for moonshining, bootlegging, or being engaged in the illicit manufacture of, or trade in, intoxicating liquors, shall be admissible in evidence against said defendant or defendants."

It is argued that Act 257 of 1943, under which appellant was convicted, is an original act against Sunday sales of liquor; that the instant prosecution is not for a violation of Act 108 of 1935; and that the statute making evidence of reputation admissible is, therefore, inapplicable. We cannot agree with this contention. By Art. VI, § 1(b), Act 108 of 1935, the sale of intoxicating liquor on Sunday was made a misdemeanor and punishment for the initial violation is the same as that imposed by the act under which appellant was convicted. This subsection of the 1935 act was amended by § 1(b) of Act 356 of 1941 to make the offense of selling liquor on Sunday a

felony. The 1941 act was repealed by Act 257 of 1943, which is virtually a reënactment of Art. VI, § 1(b), Act 108 of 1935, in so far as the sale of intoxicating liquor on Sunday is concerned. Thus, the effect of Act 257 of 1943 was to reinstate the provisions of Act 108 of 1935 relating to Sunday sales of intoxicating liquor, and the instant proceeding should be construed as one for a violation of Act 108 of 1935, as amended by subsequent legislation on the subject.

Evidence of defendant's reputation for engaging in the illegal liquor traffic was held admissible, under the statute, where the charge was possessing liquor for sale, in the recent cases of *Hughes* v. *State,* 209 Ark. 125, 189 S. W. 2d 713, and *Harris* v. *City of Harrison, ante,* p. 889, 204 S. W. 2d 167. Appellant recognizes the force of these cases, but insists that the statute should be restricted in its application to cases involving possession only, and that it does not apply where the charge is selling liquor on Sunday. The statute, however, applies in any prosecution for any violation of Act 108 of 1935, and is applicable here.

We agree that § 14140, Pope's Digest, *supra,* should be restricted in its application. It will be noted that the statute does not attempt to make proof of reputation for engaging in the illegal liquor trade sufficient, in itself, to sustain a conviction, nor does it make it even *prima facie* evidence of guilt. To predicate criminality upon the proof of reputation alone would be violative of valuable rights secured by the due process clauses of both the state and federal constitutions. Amendment XIV, § 1, U. S. Constitution; Art. II, § 8, Ark. Constitution. The effect of such a statute would be the establishment of guilt solely by extrajudicial utterances of third parties, and a defendant would be thereby deprived of the protection of one of the strongest presumptions known to the criminal law, namely, that of innocence until guilt is established by competent evidence beyond a reasonable doubt. See Annotation, 92 A. L. R. 1228-1236.

We, therefore, construe the statute to mean that proof of recent reputation for engaging in the illegal sale of intoxicating liquors is competent proof thereof, but insufficient to sustain a conviction, unless corroborated by other substantial evidence which tends to establish the guilt of the accused. When thus restricted in its application, we think the statute comes within the constitutional powers of the Legislature.

Finding no error, the judgment is affirmed.