JAYNES *v.* STATE.

4469                                    206 S. W. 2d 7

Opinion delivered December 1, 1947.

*A. C. Hervey,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. This is an appeal from a judgment of the Circuit Court refusing to set aside an order entered by that court on May 5, 1947, which affirmed appellant's conviction in the justice of the peace court for the crime of possessing intoxicating liquor for the purpose of sale in dry territory.

Appellant alleged in the motion that he was prevented by "accident, mistake and information" from attending court on May 5, 1947, when the circuit court affirmed the judgment of the justice court. It was further alleged that he perfected his appeal from the justice

of the peace judgment assessing a fine of $50 against him, and duly executed a bond for his appearance in circuit court on the first day of its 1947 term; that he appeared on said date and was advised by the court clerk that there would be no court that day, and that appellant would be notified when to appear for trial; that on the evening of May 5, 1947, he learned that the justice of the peace judgment had been affirmed and a fine of $250 assessed against him. It was also alleged that appellant was legally in possession of the wine and liquor which officers found upon his premises without a valid search warrant.

According to the testimony given by appellant at the hearing on the motion to set aside the order affirming the justice court judgment, he appeared at the courthouse on April 28, 1947, the first day of the April, 1947, term and was informed by the deputy circuit clerk that the latter was reasonably sure that court would be held on May 5, but that appellant would be notified when to appear for trial. He understood that he had been fined $50 by the justice of the peace instead of $250 as shown by the transcript of the proceedings in justice court filed in circuit court.

The testimony of appellant was disputed by that of the deputy circuit clerk and the justice of peace who tried appellant on the charge. The clerk did not remember having a conversation with appellant on April 28th and informed all who made inquiry on that date that court would definitely be held on May 5th. The testimony of the justice of the peace was to the effect that he offered to fix appellant's fine at $50, after he was found guilty of the charge, if the latter would promise to quit handling liquor in the town of Caraway and settle the case in justice court, but the offer was not accepted and appellant was told that his fine was $250, as shown by the transcript.

Appellant contends that the circuit court was without power to affirm the judgment of the justice of peace court in view of the decision of this court in *Thomas* v. *State*, 41 Ark. 408, where it was held that § 4230 of Pope's

Digest does not authorize an affirmance of a justice of the peace court judgment in an appeal of a misdemeanor case where the defendant fails to appear in the circuit court. This case was decided prior to the enactment of § 4228 of Pope's Digest, which is § 4 of Act 151 of 1905, and provides: "If the appellant shall fail to appear in the circuit court when the case is set for trial, . . . then the circuit court may, unless good cause be shown to the contrary, affirm the judgment of the justice, or police, or city court and enter judgment against the appellant for the same fine or penalty that was imposed in the inferior court, with costs, and the same shall have the same force and effect as other judgments of the circuit court in cases of convictions or indictments for misdemeanors." In view of the provisions of this statute and § 3973 of Pope's Digest, which provides that a trial may be had in the absence of the defendant in misdemeanor cases, the circuit court has authority to affirm the judgment of the justice of the peace court on appeal, if a defendant fails to appear and the penalty imposed is a fine only, as in the case at bar.

Appellant also insists that the possession of three quarts of wine and one pint of liquor in dry territory is not a violation of the law under Act 91 of 1947, which makes it unlawful to possess more than a gallon of intoxicating liquors in dry territory. But this statute has no application where the possession of a quantity of intoxicating liquors, less than a gallon, is for the purpose of sale in violation of law.

Motions to set aside judgments filed within the term at which such judgments are entered, are addressed to the sound discretion of the trial courts. *McDonald* v. *The Olla State Bank,* 192 Ark. 603, 93 S. W. 2d 335. The trial court concluded from the testimony offered on the motion to set aside the former judgment that appellant had due knowledge that court would convene on May 5, 1947, and we are unable to say that an abuse of discretion is shown in his refusal to vacate the order affirming the judgment of the justice of the peace court.

Affirmed.