GRAY v. STATE.

4488                                           208 S. W. 2d 988

Opinion delivered March 1, 1948.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

HOLT, J. A jury found appellant, Everett Gray, guilty of possessing intoxicating liquor for sale without a license. A fine of $250 was assessed and from the judgment is this appeal.

For reversal, appellant contends that the evidence was not sufficient to support the verdict, that the court erred in admitting testimony of State Police Officer Boone Bartlett to the effect that he, in company with Sheriff Hickman, checked appellant's automobile about the first of August, 1947, between Russellville and Dardanelle, and found eight pints of liquor, four in the glove compartment and four in the trunk of the car, and that there was also error in permitting testimony bearing upon the rep-

utation of appellant, as being a bootlegger. There was no complaint as to any of the instructions.

The evidence tended to show that on June 1, 1947, the Chief of Police of Russellville and a Deputy Sheriff, having received information that appellant was selling intoxicating liquor illegally, concealed themselves in a garage across the street from appellant's residence. Mr. Gilbert, Chief of Police, gave his version of what followed: (Appellant's abstract) "I am Chief of Police in Russellville. On the 1st day of June, 1947, we made a raid on Everett Gray (commonly called Butch Gray) in front of his home in Russellville. We had had some complaints against him (appellant) and about people making several trips to his house that afternoon, and we went down there to watch him. . . . He would go in the house and come out with something in his hands. We watched him through a hole in the garage and saw him come down there with two men. He went in the house and came out with his arms full. He put it in the glove compartment and handed the man one bottle. When we raided him, he stuck one bottle under the seat by his feet. We got five half pints and two pints. This is the liquor on the table."

The Deputy Sheriff, Reece Gilbert, corroborated the above testimony and also testified that they saw appellant make several trips to his residence on similar missions with other parties in his car before they arrested him and seized the liquor. Both of these witnesses, along with several others, testified that appellant had the reputation of being engaged in the illegal sale of intoxicating liquor.

While appellant denied his guilt, the testimony was ample to support the jury's verdict.

The trial court did not err in admitting testimony bearing upon the general reputation of appellant, as being engaged in bootlegging. Appellant was prosecuted under Article VI, § 1, Subdivision (c) of Act 108 of the General Assembly of 1935, and § 7 of that act makes such testimony admissible. That section provides: "The gen-

eral reputation of the defendant or defendants for moon-shining, bootlegging, or being engaged in the illicit manufacture of, or trade in, intoxicating liquors, shall be admissible in evidence against said defendant or defendants.''

In the recent case of *Hughes* v. *State*, 209 Ark. 125, 189 S. W. 2d 713, we held such testimony to be admissible.

Nor was there any error in admitting evidence of a recent similar offense by appellant. Boone Bartlett, a State Police Officer, testified that about the last of July, 1947: ''Sheriff Hickman and I stopped him between here and Dardanelle on Saturday night between 11 and 12 o'clock. We asked him if he had any whiskey, and he said, 'That he had some in the glove compartment.' We looked in there and he had four half pints of P. M. We asked him if that was all that he had, and he said, 'Yes.' We opened the trunk and found four more half pints of P. M. in a sack. . . . Did you arrest him? A. No, sir.''

It appears that this evidence of the search of appellant's car was made approximately sixty days subsequent to the charge of the illegal sale involved here. It was properly admitted for whatever light it might shed upon the character of appellant's business. In this connection, the trial court properly told the jury: ''Evidence has been introduced upon the part of the State purporting to show that on other occasions defendant was guilty of similar offense for which he is being charged. This evidence, if believed, would not of itself warrant a conviction of the defendant in this case, but is permitted to be introduced only as shedding light on the nature of the business followed by the defendant, if it does so shed such light, and for no other purpose.''

Judgment affirmed.