FREEMAN v. STATE.

4540                                    216 S. W. 2d 864

Opinion delivered January 10, 1949.

360

*Tom Kidd,* for appellant.

*Guy E. Williams,* Attorney General and *Oscar E. Ellis, Assistant* Attorney General, for appellee.

MINOR W. MILLWEE, Justice. Appellant was charged by information with possessing intoxicating liquor for the purpose of sale in dry territory in violation of Ark. Stats. (1947), § 48-812 (Pope's Digest, § 14152). A jury found him guilty and fixed his punishment at a fine of $100 and a jail sentence of 25 days.

Six of the twelve assignments in the motion for new trial relate to the alleged insufficiency of the evidence to support the verdict, and this is the first contention urged by appellant for reversal of the judgment entered on the jury's verdict.

The evidence reflects that appellant came to Murfreesboro about 21 months prior to September, 1948, and operated a rooming house for laborers on a government dam under construction near Murfreesboro. The sheriff and his deputy testified that on September 17, 1948, they received information that appellant had gone to Hot

Springs, Arkansas, for liquor. They stopped appellant's automobile about 8:30 p. m. as appellant and William King, the driver, were returning from Hot Springs. The officers found 16 pints of whiskey covered by a tarpaulin on the floor between the front and rear seats of the automobile. There were two brands of whiskey and the sheriff testified there were about four pints of one brand and 12 of another. The liquor was exhibited to the jury. The arresting officers and three other officials who resided in Murfreesboro testified that appellant's general reputation for engaging in the illegal sale of liquor was bad.

King, who was the only witness in appellant's behalf, testified that he bought 8 pints of the whiskey for his personal use and that appellant purchased eight pints of another brand at the same liquor store in Hot Springs; that he paid $18 for his whiskey, but did not know what appellant paid for the other eight pints and did not know whether appellant's purchase was for his own personal use.

Whether appellant possessed the liquor for the purpose of sale or merely for his personal use was a matter for the jury to determine under the facts and circumstances. The purpose for which liquor is possessed or kept may be shown by circumstantial evidence. *Milton* v. *Ft. Smith*, 175 Ark. 694, 1 S. W. 2d 45. The jury had a right to consider the amount of liquor and the number and size of the containers in which it was found in determining whether appellant would likely procure and possess a gallon or two gallons of whiskey for his personal use in pint containers. Under § 14140 of Pope's Digest the jury also had a right to consider appellant's reputation for engaging in the illegal liquor traffic in determining his guilt or innocence of the charge. *Hughes* v. *State*, 209 Ark. 125, 189 S. W. 2d 713; *Harris* v. *City of Harrison*, 211 Ark. 889, 204 S. W. 2d 167; *Gray* v. *State*, 212 Ark. 1023, 208 S. W. 2d 988. It is true that proof of such reputation standing alone is insufficient to sustain a conviction. *Richardson* v. *State*, 211 Ark. 1019, 204 S. W. 2d 477. We hold that the evidence was legally

sufficient to go to the jury on the question as to whether appellant illegally possessed the liquor for the purpose of sale, and that the court did not err in refusing to instruct a verdict for appellant.

It is next contended that the court erred in refusing appellant's requested instruction No. 2 and in giving it as modified. The requested instruction reads: ''You are instructed that under the law, the defendant had the right to have in his possession one gallon of whiskey for personal use, and the witness King had the same right, and in this case if you find that the defendant only had one gallon of whiskey and that King had one gallon of whiskey, then you will acquit the defendant.

''You are further instructed that the burden is upon the state to prove that the defendant had in his possession more than one gallon of whiskey and that he possessed the whiskey for sale, and this proof must be made beyond a reasonable doubt.''

The court gave the instruction in a modified form as follows: ''You are instructed that under the law, the defendant had the right to have in his possession one gallon of whiskey for personal use, and in this case if you find that the defendant only had one gallon of whiskey and that he possessed it for his personal use, then you will acquit the defendant.''

The instruction as requested would require the state to prove possession of more than a gallon of whiskey for the purpose of sale in dry territory before a defendant could be found guilty. Appellant says the requested instruction is authorized by Act 91 of 1947. This act makes it unlawful to possess more than one gallon of intoxicating liquor in dry territory for any purpose other than exceptions not applicable here. In the recent case of *Jaynes* v. *State*, 212 Ark. 410, 206 S. W. 2d 7, we held the act inapplicable where the possession of a quantity of liquors, less than a gallon, is for the illegal purpose of sale. Appellant was not charged with a violation of Act 91, *supra*. The requested instruction was in

conflict with State's Requested instruction No. 3 given by the court which correctly told the jury that it was a violation of law to possess any quantity of whiskey in Pike county for the purpose of sale. The trial court properly construed Act 91, *supra,* insofar as it is applicable in the instant case and correctly modified appellant's requested instruction No. 2.

It is next insisted that prejudicial error was committed by the prosecuting attorney in his argument to the jury. This presents the most serious question in the case. The record contains the following statement directed to the prosecuting attorney by counsel for appellant in his argument to the jury: " . . . If Mr. Steel will do so, I would like for him to answer this one question, gentlemen. If this defendant has been selling whiskey as they tried to prove, why haven't they brought him in and convicted him in court; why haven't they brought those people in and find out from them from whom they bought whiskey?" In response to this statement, the prosecuting attorney in his closing argument stated that appellant had been convicted for illegal possession of liquor, but that such conviction could not be proved until appellant took the witness stand. Appellant objected to the argument of the prosecuting attorney and requested that a mistrial be declared.

The trial court overruled the motion for mistrial, but in doing so cautioned the jury to base its verdict solely on the law and the testimony. In this connection the court gave appellant's requested instruction No. 6, based on § 3957, Pope's Digest, which told the jury that defendant's failure to testify created no presumption of law or fact of his guilt and was not to be considered by the jury in determining his guilt or innocence. The remarks of the prosecuting attorney were highly improper, but appear to have been invited and provoked by the argument of counsel for appellant. Prior convictions of appellant were, of course, inadmissible except on his cross-examination in case he became a witness. The statement of the prosecuting attorney was directed to this point and in answer to the challenge of

counsel for appellant. In *Collins* v. *State,* 143 Ark. 604, 221 S. W. 455, improper comment of the prosecuting attorney on defendant's failure to testify was held not to constitute reversible error where it was invited by argument of defendant's counsel. So here, we hold that appellant is not in position to complain of the error which his counsel invited in view of the instruction and admonition of the trial court heretofore mentioned.

We find no prejudicial error and the judgment is affirmed.