EOFF *v.* STATE.

4644                                              234 S. W. 2d 521

Opinion delivered December 11, 1950.

*John H. Shouse,* for appellant.

*Ike Murry,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. Appellant was convicted and fined $250 for the unlawful possession of intoxicating liquor for purpose of sale (see § 48-901 (c), Ark.

Stats.); and by this appeal presents the issues now to be discussed:

I. *Sufficiency of the Evidence.* Boone County is a legally dry County, as that term is used in Initiated Act No. 1 of 1942 (§ 48-801 Ark. Stats.). According to competent evidence offered by the State—which on appeal we view in the light most favorable to the verdict [1] — the Sheriff of Boone County arrested the defendant on December 19, 1949, after having seen him throw a half-pint whiskey bottle from a car he was driving on the highway. Upon being interrogated by the Sheriff, appellant said he had only six pints of whiskey. These were seized; then two additional pints were found on appellant's person; and eight pints were found concealed under the hood of the car—making a total of sixteen pints, in addition to the half-pint bottle thrown away. Witnesses testified that appellant bore the reputation of being a "bootlegger." His explanation—that he was getting the whiskey for Christmas visitors at his home—did not cause the jury to find any doubt of his guilt. The evidence was sufficient to sustain the verdict. See *Richardson* v. *State,* 211 Ark. 1019, 204 S. W. 2d 477.

II. *Evidence as to Reputation.* Over appellant's objections several law enforcement officers were permitted to testify that the defendant had the reputation of being a bootlegger in that community on December 19, 1949, the date of the alleged offense. Such testimony was permitted under § 48-940, Ark. Stats., which is a part of Act 108 of 1935 and reads:

"In any prosecution . . . for any violation of this act, the general reputation of the defendant . . . for bootlegging . . . shall be admissible in evidence against said defendant. . . ."

Appellant argues that under the foregoing Statute, the evidence of reputation is admitted only in prosecutions for violation of Act 108 of 1935, and that he is now being prosecuted for violation of § 48-901, which is a part

---

[1] See *Allgood* v. *State,* 206 Ark. 699, 177 S. W. 2d 928. Other cases, recognizing this often declared rule, are collected in West's Arkansas Digest, "Criminal Law," § 1144 (13).

of Act 218 of 1943; and so appellant contends that the evidence as to reputation was improperly admitted. There is no merit to the appellant's argument: § 48-901 (c) (under which appellant was being here prosecuted) is a part of Act 218 of 1943, which Act amended Act 356 of 1941, which had amended Act 108 of 1935. In other words, in the case at bar, the appellant was being prosecuted under Act 108 of 1935, *as amended.* The constitutionality of § 48-940 was discussed and upheld in *Richardson* v. *State,* 211 Ark. 1019, 204 S. W. 2d 477; and the evidence here presented, as to reputation, is within the allowable limits of that case. Some of the other cases in which we have allowed evidence as to general reputation are: *Hughes* v. *State,* 209 Ark. 125, 189 S. W. 2d 713, and *Harris* v. *City of Harrison,* 211 Ark. 889, 204 S. W. 2d 167.

III. *Double Jeopardy.* As previously stated, Boone County is legally dry, as that expression is used in § 48-801, Ark. Stats. It was shown that because of the possession, on December 19, 1949, of the same sixteen pints of liquor, as here involved, appellant had pleaded guilty and paid a fine of $250 for possession of more than one gallon of intoxicating liquor in dry territory, an offense under § 48-918, Ark. Stats. In the case at bar appellant claimed that his said conviction under § 48-918 prevented the present prosecution under § 48-901 (c). In other words, he pleaded "double jeopardy" under Art. II, § 8 of the Arkansas Constitution, which reads: ". . . No person, for the same offense, shall be twice put in jeopardy . . .".

Appellant invokes what is called the "same transaction test," which is stated in 22 C. J. S. 427:

"There is also another rule which declares that, if the prosecution under the second indictment involves the same transaction which was referred to in the former indictment, and it was or properly might have been the subject of investigation under that indictment, an acquittal or a conviction under the former indictment would be a bar to a prosecution under the last indictment. This rule is sometimes called the 'same transaction test.' "

But in elucidating on the "same transaction test," it is stated in 22 C. J. S. 437:

"*Offenses in Relation to Intoxicating Liquors.* Many transactions relating to intoxicating liquors have been divided into distinct crimes so that jeopardy for one is not a bar to prosecution for the other; . . ."

In *Albrecht* v. *United States,* 273 U. S. 1, 71 L. Ed. 505, 47 Sup. Ct. 250, the defendant was charged with illegal possession of liquor, illegal sale of liquor, and maintaining a common nuisance. The possession, the sale, and the maintaining of the nuisance were separate offenses carved out of the *same transaction.* The defendant pleaded former jeopardy under the Fifth Amendment of the United States Constitution.[2] Mr. Justice Brandeis, in holding against the plea of former jeopardy, used this language in the opinion to which there were no recorded dissents:

"The contention is that there was double punishment because the liquor which the defendants were convicted for having sold is the same that they were convicted for having possessed. But possessing and selling are distinct offenses. One may obviously possess without selling; and one may sell and cause to be delivered a thing of which he has never had possession; or one may have possession and later sell, as appears to have been done in this case. The fact that the person sells the liquor which he possessed does not render the possession and the sale necessarily a single offense. There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit, and punishing also the completed transaction."

The holding in other jurisdictions is to the same effect as that of the United States Supreme Court. See *Vellis* v. *State,* 28 Ga. App. 468, 111 S. E. 683; *People* v. *Montgares,* 347 Ill. 562, 180 N. E. 419; *United States* v. *Dockery,* Dist. Ct. N. Y., 49 Fed. Supp. 907; *State* v. *Axley,* 121 Kan. 881, 250 Pac. 284; *O'Connor* v. *Common-*

---

[2] The applicable words are: ". . . nor shall any person . . . be twice put in jeopardy. . . ."

*wealth,* 176 Ky. 673, 197 S. W. 405; *Nixon* v. *State,* 148 Miss. 224, 114 So. 346; *State* v. *Nodine,* 121 Or. 567, 256 Pac. 387; and *Driskill* v. *United States,* 24 Fed. 2d 413, *certiorari* denied, 277 U. S. 600, 72 L. Ed. 1008, 48 Sup. Ct. 561. In fact, the text in 22 C. J. S. 440 declares the weight of authority to be:

"The giving away of intoxicating liquor and possession of the same liquor are distinct offenses; and prosecution for possession and sale of the same liquor has been generally held not to result in double jeopardy."

Arkansas has created two separate offenses: (a) the offense of possessing more than one gallon of liquor in dry territory, denounced by Act 91 of 1947 (§ 48-918, Ark. Stats.); and (b) the offense of the unlawful possession of liquor for purpose of sale, denounced by Act 108 of 1935, as amended by Act 356 of 1941 and again amended by Act 218 of 1943 (§ 48-901 (c), Ark. Stats.). The appellant's plea of guilty of offense (a) did not bar his present prosecution for offense (b); because Arkansas, by two separate legislative enactments, has carved out of the same transaction two separate offenses —*i. e.,* possession of an excessive amount of liquor in dry territory, and unlawful possession of liquor for purpose of sale. The United States Supreme Court in *Albrecht* v. *United States (supra)* recognized such to be the legal prerogative of the lawmaking power. Since the offenses are separate, the plea of "double jeopardy" was correctly denied.

Affirmed.