Smith *v.* State.

4691          251 S. W. 2d 591

Opinion delivered October 13, 1952.

*J. E. Lightle,* for appellant.

*Ike Murry,* Attorney General and *Wm. M. Moorhead,* Assistant Attorney General, for appellee.

Holt, J. By information, appellant, F. M. Smith, and Carrol Sewell were jointly charged with unlawfully and feloniously having in their possession an "illicit still" on April 13, 1951. Sewell, appellant's accomplice, entered a plea of guilty, and appeared as a witness for the State at the trial of Smith. A jury found Smith guilty and fixed his punishment at a term of one year in the State Penitentiary. From the judgment is this appeal.

For reversal, appellant assigned eight alleged errors. He argues here only the second ground. "(2) The court erred in permitting evidence as to the reputation of defendant as a 'bootlegger and moonshiner.'"

His first assignment challenged the sufficiency of the evidence. We hold, however, that it was ample and sufficient to support the verdict and judgment, when viewed in the light most favorable to the State, as we must do.

Briefly, the testimony was to the following effect: The arresting officers became suspicious of the actions of Sewell in the vicinity where the illicit still was later found. They followed him to a sawmill operated by appellant and upon inquiry located a house belonging to appellant in which they found the still in question, together with some mash. After cutting the still into pieces, they took it to Searcy where it was sold. They then arrested Sewell and placed him in jail and he later made a full, voluntary confession implicating appellant. Sewell testified that he understood the still belonged to appellant. It was located in appellant's house and appellant gave him instructions how to operate it and was present while he, Sewell, was operating it. Appellant also paid him for his services. Appellant admitted owning the house in which the still was found and that he was paying the light bill on the house at that time, but denied that he owned or possessed the still. The still was not more than one-half mile from appellant's home. As indicated, this evidence was substantial and sufficient to support a conviction.

On appellant's second assignment, above, (the only one which he argues here) he says: "It was error to permit the state to question the arresting officers as to his reputation as a 'bootlegger, a moonshiner and dealing in illicit liquor.' First, because the evidence is improper and inadmissible; second, because the questions were not limited to recent reputation."

The court did not err in permitting the State to question witnesses as to appellant's reputation as a "bootlegger, a moonshiner and dealing in illicit liquor."

It appears that appellant was convicted under §§ 48-935 and 48-936, Ark. Stats. 1947, [§§ 1 and 2 of Act 391 of 1947, p. 908], which provide: (§ 48-935) "It shall be unlawful for any person to own, have in possession, or knowingly transport an illicit still or still worm for the unlawful manufacture of intoxicating liquors, or any apparatus designed for the unlawful manufacture of spirituous, vinous, malt or intoxicating liquors, and it shall be unlawful for any person, or persons, firms or

corporations, to engage in and manufacture intoxicating liquors without first having license to manufacture intoxicating liquors from the State of Arkansas and the United States of America." (§ 48-936) "Any person or persons convicted for the offenses enumerated in section 1 [§ 48-935] shall be confined in the State Penitentiary for hard labor for not less than one [1] year nor more than three [3] years."

Appellant points out that under § 48-940, Ark. Stats. 1947, which is Art. 6, § 7 of Act 108 of 1935, such testimony must only be admitted: "In any prosecution or proceeding for any violation of *this act,* the general reputation of the defendant or defendants for moonshining, bootlegging, or being engaged in the illicit manufacture of, or trade in, intoxicating liquors, shall be admissible in evidence against said defendant or defendants." He concedes, however, that both the earlier Act 108 of 1935 and the later Act 391 of 1947, prohibit possession of an illicit still. In effect, the two acts are the same except that Act 391 increases the punishment from a misdemeanor, as provided in Act 108, to the grade of a felony. A reading of these two acts convinces us that Act 391 is clearly but an amendment of Act 108 and § 48-940, above, stands unrepealed and permits the admission of the questioned testimony.

We so held, in effect, in *Richardson* v. *State,* 211 Ark. 1019, 204 S. W. 2d 477. We there said: "It is argued that Act 257 of 1943, under which appellant was convicted, is an original act against Sunday sales of liquor; that the instant prosecution is not for a violation of Act 108 of 1935; and that the statute making evidence of reputation admissible is, therefore, inapplicable. We cannot agree with this contention. . . . Thus, the effect of Act 257 of 1943 was to reinstate the provisions of Act 108 of 1935 relating to Sunday sales of intoxicating liquor, and the instant proceeding should be construed as one for a violation of Act 108 of 1935, as amended by subsequent legislation on the subject." See, also, *Eoff* v. *State,* 218 Ark. 109, 234 S. W. 2d 521.

Appellant also contends that the questions asked the officers were improper because such questions were not

limited to recent reputation. This contention is untenable. The record reflects that all questions bearing upon appellant's reputation were framed in the present tense. Appellant made no request that such questions be limited to recent reputation but the court did so limit it in the following instruction requested by appellant: ''You are instructed that proof of reputation alone will not sustain a conviction and therefore though evidence of defendant's reputation relative to moonshining or bootlegging has been admitted in evidence in this case, unless you find from the evidence, first, that such reputation was of recent origin, and second, that there is other substantial evidence which tends to establish the guilt of the defendant, you will not consider such evidence as to the defendant's reputation.''

We have carefully examined appellant's remaining assignments of alleged errors, none of which he argues here, and find them all to be without merit.

The judgment is affirmed.