BLANKENSHIP *v.* STATE.

4852                                        293 S. W. 2d 702

Opinion delivered October 1, 1956.

*Eugene Coffelt,* for appellant.

*Tom Gentry*, Attorney General, *Thorp Thomas*, Assistant Attorney General, for appellee.

ED. F. McFADDIN, Associate Justice. Ben Blankenship was convicted of possessing intoxicating liquor for sale in a dry county; and his punishment was fixed at a $300.00 fine (§ 48-901 Ark. Stats.). On appeal he argues only one assignment,[1] which is the sufficiency of the evidence to sustain the verdict.[2]

Benton County is a "dry" county, and Washington County is a "wet" county. The evidence discloses that Blankenship drove to Washington County and purchased some liquor. Just as he was nearing his home in Benton County, the officers stopped him and searched his car and found sixteen bottles of whiskey, each of one-half pint size. Each bottle was separately wrapped; and there were eight bottles in one sack and eight in another. Blankenship operated a filling station and small store in Benton County; and it was shown, without objection: (a) that he had previously been convicted for the illegal sale of liquor; and (b) that he had the reputation of being a bootlegger.

Blankenship insisted that he had purchased the sixteen bottles of liquor for his own use. He argues that § 48-922 Ark. Stats. establishes a presumption that the possessor of *more* than one gallon of liquor in a dry territory has such quantity for purpose of sale. Because of this Statute, Blankenship insists, that since he had *not more* than one gallon of liquor, there is no presumption that he had it for purpose of sale. But, regardless of the said Statute or presumption, the jury had the right, under the evidence here, to find that Blankenship had the sixteen bottles for purpose of sale. The presumption made by § 48-922, concerning the possession of more than one gallon of liquor, does not prevent prosecution when the possessor has for purpose of sale only one gallon or less.

[1] In misdemeanor cases, all assignments not briefed and argued are waived. See *Fields* v. *State*, 219 Ark. 373, 242 S. W. 2d 639.

[2] The appellant made a motion for an instructed verdict at the close of the State's case. When the motion was denied, he introduced no evidence, so did not waive his motion. See *Reeves* v. *State*, 222 Ark. 77, 257 S. W. 2d 278.

Our language in *Freeman* v. *State,* 214 Ark. 359, 216 S. W. 2d 864, is apropos to the present case:

"Whether appellant possessed the liquor for the purpose of sale or merely for his personal use was a matter for the jury to determine under the facts and circumstances. The purpose for which liquor is possessed or kept may be shown by circumstantial evidence. *Milton* v. *Ft. Smith,* 175 Ark. 694, 1 S. W. 2d 45. The jury had a right to consider the amount of liquor and the number and size of the containers in which it was found in determining whether appellant would likely procure and possess a gallon or two gallons of whiskey for his personal use in pint containers. Under § 14140 of Pope's Digest the jury also had a right to consider appellant's reputation for engaging in the illegal liquor traffic in determining his guilt or innocence of the charge. *Hughes* v. *State,* 209 Ark. 125, 189 S. W. 2d 713; *Harris* v. *City of Harrison,* 211 Ark. 889, 204 S. W. 2d 167; *Gray* v. *State,* 212 Ark. 1023, 208 S. W. 2d 988. It is true that proof of such reputation standing alone is insufficient to sustain a conviction. *Richardson* v. *State,* 211 Ark. 1019, 204 S. W. 2d 477. We hold that the evidence was legally sufficient to go to the jury on the question as to whether appellant illegally possessed the liquor for the purpose of sale, and that the court did not err in refusing to instruct a verdict for appellant."[3]

Affirmed.

---

[3] For other cases to the same effect, see *Huffman* v. *State,* 222 Ark. 319, 259 S. W. 2d 509; and *Eoff* v. *State,* 218 Ark. 109, 234 S. W. 2d 521.